Argued July 20, affirmed September 11, 1917.

# KRUSE *v.* BUSH.

(167 Pac. 308.)

**Vendor and Purchaser—Remedies of Purchaser—Fraud—Action to Recover Consideration.**

1. One induced by fraudulent representations to purchase land under an executory contract upon discovering the fraud may rescind the contract absolutely, and sue in an action at law to recover the consideration paid.

[As to remedy of vendee in case of deficiency in quality or quantity, see note in Ann. Cas. 1915D, 1108.]

**Vendor and Purchaser—Fraud—Recovery of Purchase Money.**

2. In the absence of fraud or some other ground for rescission, the purchaser cannot escape his contract obligation or recover back the purchase money paid, though the rule is otherwise where the purchaser is entitled to rescind.

**Vendor and Purchaser—Fraud—Rescission—Time.**

3. Where a purchaser and his assignee might disaffirm an executory contract of sale for fraudulent representations, they were required to do so promptly on discovery of the fraud.

**Vendor and Purchaser—Fraud—Action to Recover Consideration—Right of Assignee.**

4. Where a purchaser under an executory contract elected to rescind on the discovery of the vendor's fraudulent representations and quitclaimed the property to defendant and demanded a repayment of the money paid on the contract, she became entitled to sue for money had and received, and such claim might be asserted by her assignee.

**Vendor and Purchaser—Remedies of Purchaser—Action to Recover Consideration—Instruction.**

5. In an action by a purchaser's assignee for money paid under an executory contract of sale rescinded on the ground of the vendor's fraudulent representations, an instruction that plaintiff need not prove all the alleged representations to be false, and that it was sufficient to prove that a single representation was false, that the fraud, as defined by the instruction, must be clear and convincing, was not objectionable as permitting the jury to find for plaintiff if the alleged representations were fraudulent in a single respect, even though the falsity was inconsequential.

**Vendor and Purchaser—Remedies of Purchaser—Recovery of Consideration.**

6. Plaintiff was not required to show a total failure of consideration.

From Multnomah: GEORGE N. DAVIS, Judge.

Action by M. Kruse against H. P. Bush and A. E. Borthwick for money had and received as payments on contracts for the purchase of real property. Plaintiff elects to rescind on the ground of fraudulent representations made by the agent of defendant Borthwick. A verdict was returned and judgment entered thereon in favor of plaintiff and defendants appeal. Affirmed.

Department 2. Statement by MR. JUSTICE McCAMANT.

This is an action for money had and received, brought by plaintiff in her own right and as assignee of Mrs. D. E. Tanna. The first count in the amended complaint alleges the execution of two contracts by plaintiff with the defendant Borthwick for the purchase of two tracts of land in Multnomah County and that the execution of these contracts by plaintiff was induced by fraudulent representations made by the defendant Bush, as agent of the defendant Borthwick; the falsity of the representations is averred and it is charged that on discovering the alleged fraud plaintiff notified defendants of her election to rescind, tendering a quitclaim deed to the property. This quitclaim was deposited in court on the bringing of the action. Plaintiff prays for judgment for the amounts which she has paid on account of the purchase price.

The second count is similar in purport. It alleges a contract entered into by D. E. Tanna with the defendant Borthwick for the purchase of a tract of land in the same neighborhood, induced by the same representations. It is alleged that Mrs. Tanna elected to rescind, quitclaimed the property to defendants and assigned her right of action to plaintiff.

The defendants demurred separately to the counts in the amended complaint; this demurrer was overruled and the defendants then answered. The answer admits the marketing of the property by the defendant Borthwick, the refusal of the defendants to treat the contracts as rescinded and to pay plaintiff the sums demanded; it also admits the assignment of Mrs. Tanna's claim to plaintiff. The other allegations of the amended complaint are denied.

A judgment was entered in favor of plaintiff on a verdict recovered by her, and defendants appeal.

AFFIRMED.

· For appellants there was a brief over the names of *Mr. Charles E. Lenon* and *Mr. Clinton A. Ambrose,* with an oral argument by *Mr. Lenon.*

For respondent there was a brief over the names of *Mr. Walter Hayes* and *Messrs. Clark, Skulason & Clark,* with an oral argument by *Mr. Bardi G. Skulason.*

MR. JUSTICE McCAMANT delivered the opinion of the court.

1. The defendants challenge the right of plaintiff to maintain her action for money had and received, claiming that rescission is an equitable remedy and that plaintiff has no remedy at law except an action for damages. This contention is reserved by the demurrer to the amended complaint and by motions for a nonsuit and for a directed verdict, exceptions being taken to the denial of these motions. It is said in 39 Cyc. 1253, with reference to contracts for the purchase of real estate, that:

"Fraud renders the contract voidable at the option of the injured party and entitles him to rescission of the same at law so long as it is executory."

The contracts with which we are concerned were executory; the quitclaims were required only because plaintiff and her assignor had recorded their contracts.

In 39 Cyc. 1997 it is said:

"One who has been induced by fraudulent representations to become the purchaser of property has, upon the discovery of the fraud, three remedies open to him, either of which he may elect: He may rescind the contract absolutely and sue in an action at law to recover the consideration parted with upon the fraudulent contract; he may bring an action in equity to rescind the contract and in that action have full relief; lastly, he may retain what he has received and bring an action at law to recover the damages sustained."

Plaintiff in this case has elected to pursue the first of these remedies. Her right to do so is recognized by Warvelle on Vendors, § 918; *Mael* v. *Stutsman,* 60 Or. 66, 69 (117 Pac. 1093); *Koehler* v. *Dennison,* 72 Or. 362, 366 (143 Pac. 649); *T. B. Potter Realty Co.* v. *Breitling,* 79 Or. 293, 305 (155 Pac. 179).

2, 3. Defendants also claim that plaintiff has no remedy so long as she and her assignor have not paid all the purchase price called for by their contracts and the defendants are still willing to consummate the sales. None of the authorities cited by defendants on this branch of their contention were cases involving fraud. In the absence of fraud or some other ground for rescission, the vendee cannot escape the obligations he has assumed in the contract of purchase, nor can he recover back the purchase money which he has paid. But the rule is otherwise when the vendee is entitled to rescind: *Livesley* v. *Muckle,* 46 Or. 420, 423 (80 Pac. 901); *Jeffreys* v. *Weekly,* 81 Or. 140 (158 Pac. 522). If plaintiff and her assignor were to disaffirm the contracts, it was necessary for them to act promptly on discovery of the fraud. The continued payment of

the installments called for by the contracts would have been evidence of a ratification of the contracts and would probably have defeated the remedy here invoked: *T. B. Potter Realty Co.* v. *Breitling,* 79 Or. 293, 305 (155 Pac. 179).

4. Defendants challenge the right of plaintiff to sue on the second cause of action set up, on the ground that Mrs. Tanna's claim was not assignable. It is clearly alleged and proved that Mrs. Tanna elected to rescind on the discovery of the alleged fraud; that she quitclaimed the property to defendants and demanded the repayment to her of the sums paid the defendant Borthwick on the contract. The pleadings admit that she then assigned her cause of action to plaintiff. The claim was assignable within the principles announced by Mr. Justice MOORE in *Sperry* v. *Stennick,* 64 Or. 96 (129 Pac. 130). If after making discovery of the alleged fraud Mrs. Tanna had merely assigned her contract to plaintiff or if, without exercising her election to rescind, she had merely assigned her litigious right, the case would come within the rule laid down by Mr. Justice HARRIS in *Cooper* v. *Hillsboro Garden Tracts,* 78 Or. 74, 86–88 (152 Pac. 488). But here plaintiff's assignor exercised her right to rescind, demanded repayment of the money she had paid and put defendants in *statu quo* by quitclaiming the property to them. Having thus become entitled to sue for money had and received, she assigned her claim to plaintiff and plaintiff is entitled to assert it.

5. The court instructed the jury as follows:

"It is not necessary that the plaintiff should prove that all the representations she claims were made and were false. It is sufficient if she proves that a single one of such representations was made and that it was false and that the other elements which will be described to you, were present. However, because of

the seriousness of the charge of fraud, the law says that the proof of fraud must be clear and convincing, and you must so find in this case before you can say that there was fraud.

"Now, in order to constitute fraud there are certain elements which must be established by the plaintiff. You must find, first, that the defendants made the representations, or at least one of them. You must find further that the defendants made those representations for the purpose of circumventing or deceiving this plaintiff. You must further find that the representations were made for the purpose of inducing the plaintiff to act upon them and you must find that the plaintiff did rely and act upon them and was induced by them to enter into the transaction in this case. Then you must find as a further element that the further representations were false, if you find they were made, and you must find either that the defendants knew them to be false or else made them recklessly and with a disregard to the truth or falsity of them, and you must further find that the defendants made them for the purpose of inducing the plaintiff to act upon them as I said before. Now, if you find that there was fraud, as it has been defined to you by the court, then such fraud would justify the plaintiff in rescinding these contracts, plaintiff and her assignor in the second cause of action, and she would be entitled to recover the money which she had paid, or her assignor has paid on account of these contracts, with interest from the dates of payment."

Defendants complain that this charge permitted the jury to find for plaintiff if in a single respect the representations of defendants were false and fraudulent, even though the departure from the truth was inconsequential. The jury was not authorized under the above charge to find for plaintiff unless it found that the fraudulent representations were the inducing cause of the contracts. This portion of the charge covered the question of the materiality of the representations.

6. Plaintiff was not required to show a total failure of consideration. Her right of action was based on fraud and her testimony was sufficient to take the case to the jury.

We have patiently examined the authorities cited by counsel for defendants, but it is not considered necessary to review them in this opinion. The questions mooted are for the most part settled by the decisions of this court. We find no error and the judgment is affirmed.

In justice to the defendant Borthwick it should be said that the evidence fails to connect him personally with any of the representations leading up to the execution of these contracts.        AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BEAN concur.

---

Demurrer to alternative writ sustained September 11, 1917.