### BARBUR et al. v. COURTRIGHT.

(Circuit Court of Appeals, Ninth Circuit. October 6, 1919.)

No. 3221.

1. EXECUTION ⬅51—MODE OF LEVY ON PROPERTY IN CUSTODY OF THIRD PERSON.

Money placed by a property owner on the counter of a city auditor for the redemption of his property from a tax sale by the city, and for which the auditor issued his receipt and certificate of redemption, *held* to be in the legal custody of the auditor and subject to levy on an execution against the purchaser at the tax sale, under L. O. L. § 300, only by garnishment of the auditor.

2. TAXATION ⬅742—RIGHTS PASSING AS INCIDENT TO ASSIGNMENT OF SALE CERTIFICATE INCLUDE RIGHT OF ACTION FOR CONVERSION OF REDEMPTION MONEY.

An assignment of tax sale certificates *held* to vest the assignee with a right of action for the recovery of money previously paid in redemption of the property and wrongfully converted by another.

In Error to the District Court of the United States for the District of Oregon; Charles E. Wolverton, Judge.

Action at law by Morris L. Courtright against A. L. Barbur, J. M. Hurlburt, and the First National Bank of Portland. Judgment for plaintiff, and defendants bring error. Affirmed.

Dolph, Mallory, Simon & Gearin, of Portland, Or., for plaintiffs in error.

Ridgway & Johnson, of Portland, Or., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

ROSS, Circuit Judge. [1] At the times here in question the plaintiffs in error Barbur and Hurlburt were, respectively, the duly elected, qualified, and acting auditor of the city of Portland, Or., and sheriff of Multnomah county, of that state, and the other plaintiff in error

one of the banks of Portland. The action was brought against them in the court below for the alleged unlawful conversion of the aggregate amount of $3,014.64; the complaint containing seven counts, each alleging in substance the sale of certain property by the city of Portland to one H. M. Courtright for unpaid and delinquent improvement liens, the issuance of a certificate of sale, its assignment prior to the filing of the complaint to Morris L. Courtright, the payment to the auditor in full redemption of each certificate of the sum of money called for therein, including principal, penalty, interest, and costs, and the unlawful taking of each sum by the bank and its codefendants.

The record shows that each of the certificates of sale for delinquent assessments of the property covered by the first four counts of the complaint was in the usual form and duly and regularly issued by the treasurer of the city of Portland pursuant to its charter, and certified that the property therein described and sold was sold subject to redemption within three years from the date of the certificate, and that, if not so redeemed, the holder of the certificate would be entitled to a deed of the property upon presentation and surrender of the certificate to the treasurer of the city; that each of those four certificates was during the year 1914 assigned by H. M. Courtright to the plaintiff in the action, M. L. Courtright, the latter having thereafter and during the same year assigned the same to various banks of Bay City, Mich., which held the title thereto at the time of the alleged conversion.

The evidence showed that the assignments of the certificates covered by the first three counts were not entered in the lien docket of the city until after September 1, 1917, and that the assignment of the certificate covered by the fourth count of the complaint was not so entered until February 7, 1917. The evidence also showed that the certificate first mentioned was reassigned to M. L. Courtright September 22, 1917, that the second mentioned certificate was reassigned to him February 17, 1917, the third September 28, 1917, and the fourth February 1, 1917; the first three of such reassignments having been entered upon the lien docket September 28, 1917, and the fourth February 7, 1917.

The evidence further showed that within the prescribed time, in pursuance of the right of the owner to redeem the said property from such sales, the requisite sums of money were placed upon the counter in the office of the defendant A. L. Barbur, auditor of the city, in his presence, or that of one of his deputies, and offered to said auditor, but that before the same came into his physical possession, or that of his deputy, all of said sums were seized by the defendant T. M. Hurlburt, sheriff of Multnomah county, under and by virtue of writs of execution issued to him upon a judgment that had been theretofore recovered by the plaintiff in error First National Bank of Portland against H. M. Courtright—the auditor, however, signing and issuing in each instance a certificate of redemption of the property.

The evidence further showed that, at the time of the seizure by the sheriff of the money for the redemption of the property covered by the first four counts of the complaint, no writ of garnishment was

served, and that the judgment debtor, H. M. Courtright, was not present in the office of the auditor, and never at any time had physical possession of those sums of money, or any portion thereof; but it is admitted that in levying upon the money referred to in the last three counts of the complaint the sheriff levied the writ by serving upon the auditor the required notice of garnishment, and that the latter issued his required certificate, after which the sheriff took into his possession the money referred to in the last three counts.

. The statute of the state of Oregon provides that property may be levied upon under a writ of execution in like manner and with like effect as similar property is attached. Section 233, Lord's Oregon Laws. And section 300 of the same Laws provides that property of a judgment debtor, not in the debtor's possession, shall be attached as follows:

"* * * *

"2. Personal property capable of manual delivery to the sheriff, and not in the possession of a third person, shall be attached by taking it into his possession.

"3. Other personal property shall be attached by leaving a certified copy of the writ, and a notice specifying the property attached, with the person having the possession of the same, or, if it be a debt, then with the debtor. * * * *"

Respecting the money referred to in the first four counts, the real question therefore is: Whose money was it while lying on the counter in the auditor's office, under the circumstances that have been stated? The court below considered it as delivered into the possession of the auditor for H. M. Courtright, the holder of the certificates of sale and judgment debtor, and, being thus held by a third party for the latter, could, under the state statute, be attached only by the sheriff leaving with the auditor a certified copy of the writ of execution, together with a notice specifying the property attached, and accordingly held the plaintiff entitled to recover on the first four counts, with interest on the money for its unlawful detention. For the money referred to in counts 5, 6, and 7 of the complaint the court rendered judgment in favor of the defendants to the action, the correctness of which holding is not here questioned.

The counsel for the plaintiffs in error concede that, if the money tendered by the owner of the property described in the first four counts came into the possession of the auditor, the necessary procedure would have been by garnishment; but they urge that the auditor never did obtain such possession. It is true that he had not put his hands upon the money at the time of its seizure by the sheriff, but it is undisputed that it was taken to the office of the auditor by the representative and agent of the owner of the property for the purpose of redeeming it, and that in the execution of that purpose the owner, through his representative, tendered it to the officer by placing it upon his desk, and accepted from the officer in each instance a receipt for the money, reciting upon its face that it was "in full of the redemption" of the property specifically described therein, an entry of which transaction the auditor thereupon made upon the records of his office.

The bill of exceptions shows that each of the four receipts so given and accepted were similar, except only as to dates, names, amounts, and description of the property, one of which only is inserted in the record and is as follows:

"City of Portland, Oregon.

"Office of the Auditor of the City of Portland.

"Portland, Ore., June 2, 1915.

"Received of Joseph Simon, Atty., six hundred seventy-five 30/100 dollars in full for the redemption of L. 10 B. 3, Howe's addition, sold by the city of Portland 6—6—1912 to Harry M. Courtright for $482.75 for the improvement E 39th St.

Sold for ................................................................$482.75
Penalty ................................................................ 48.27
Interest ................................................................ 144.28

"D. 36 P. 196.

"A. L. Barbur, Auditor of the City of Portland,
"By E. W. Jones, Deputy."

We agree with the court below that the legal effect of what was done was to put the redemption money into the custody of the auditor for payment over to the holder of the certificates of purchase, H. M. Courtright, and, being thus in the hands of a third person, was subject to levy by the sheriff only in the manner provided by the statute that has been cited. See Spaulding v. Kennedy, 6 Or. 208; Price v. Boot Shop, 75 Or. 343, 347. 146 Pac. 1088; Marks v. Shoup, 181 U. S. 562, 565, 21 Sup. Ct. 724, 45 L. Ed. 1002.

Regarding the causes of action here involved, there having been no valid levy of the writs of execution, it is obvious that section 416 of the charter of the city of Portland, referred to by counsel, requiring notation of assignments of delinquent certificates on the City Lien Docket to make them valid, is inapplicable to the present case.

[2] Nor are we able to sustain the contention of the plaintiffs in error that the assignment of the certificates of sale by the Bay City banks to the defendant in error only transferred to the assignee the right to make demand for moneys that may have been paid in redemption, or for deeds to the property in the event of no redemption, and that no right of action for conversion passed thereby. In Final v. Backus, 18 Mich. 218, 231, Chief Justice Cooley, speaking for the court, said:

"The position is that the right of action for a tort is not the subject of assignment; and this we understand to be the general rule. 1 Spence, Eq. Juris. 180, 181; 2 Spence, Eq. Juris. 868 to 873; Adam's Eq. 54; Story's Eq. Juris. § 1040, g; Carroll v. Potter, Walk. Ch. [Mich.] 365; Rice v. Stone, 1 Allen [Mass.] 566; Comegys v. Vasse, 1 Peters, 213 [7 L. Ed. 108]. But this rule applies only to those torts which are merely personal, and which, on the death of the person wronged, die with him; while torts for taking and converting personal property, or for injury to one's estate, and generally all such rights of action for tort as would survive to the personal representatives, may, it seems, be assigned so as to pass an interest to the assignee which he can enforce by suit at law. North v. Turner, 9 Serg. & R. [Pa.] 234; Butler v. N. Y., & E. Railroad, 22 Barb. [N. Y.] 110; People v. Hudson R. R. R., 4 Duer [11 N. Y. Super. Ct.] 74; Waldron v. Willard, 3 E. D. Smith [17 N. Y.] 488; McKee v. Judd, 12 N. Y. 622 [64 Am. Dec. 515]; Rice v. Stone, 1 Allen [Mass.] 566; Jordan v. Gillen, 44 N. H. 424."

See, also, Tome v. Dubois, 73 U. S. (6 Wall.) 548, 553, 554, 19 L. Ed. 943; Dahms v. Sears, 13 Or. 47, 11 Pac. 891; Sperry v. Stennick, 64 Or. 96, 129 Pac. 130; Kruse v. Bush, 85 Or. 394, 398, 167 Pac. 308; New Liverpool Salt Co. v. Western Salt Co., 151 Cal. 479, 91 Pac. 152.

The judgment is affirmed.