Submitted on briefs on stipulation October 23; affirmed
December 31, 1929

## W. D. DEBOW *v.* H. E. NELSON

(283 Pac. 34)

For appellant there was a brief over the name of *Mr. Edward B. Ashurst.*

For respondent there was a brief over the name of *Mr. Henry E. Perkins.*

ROSSMAN, J.   This appeal presents for our review only one point; it is thus stated by the appellant:

"The plaintiff in his complaint failed and neglected to allege that the said H. E. Nelson, in making said alleged false and fraudulent representations, then and there personally knew that the said representations so alleged to have been made by defendant were false, fraudulent and untrue.   *   *   *   Can appellant challenge the sufficiency of the complaint, or its validity for the first time on appeal?"

The complaint alleges the negotiations that preceded the purchase of the automobile, and the particulars wherein the plaintiff claims the representations were untrue; in fact, the defendant concedes that all the elements of fraud are properly averred except the one item mentioned in the excerpt from his brief quoted above.   Concerning the defendant's knowledge that his representations were false, the complaint alleges: "that defendant   *   *   *   with the intent

480

to deceive and defraud plaintiff, falsely and fraudulently represented to plaintiff that * * * defendant's representations to plaintiff, as to said automobile being a 1929 model, were false and fraudulent and made for the purpose of deceiving and defrauding plaintiff and inducing plaintiff to purchase said automobile, and that plaintiff, being deceived thereby and believing said false and fraudulent representations, was induced thereby to purchase said automobile." No motion or demurrer was filed by the defendant. Under such circumstances the pleadings should be liberally construed in support of the judgment: *Southeast Portland Lmbr. Co. v. Heacock*, 128 Or. 248 (275 P. 28).

■ The manner in which a pleader should allege that his adversary was aware of the falsity of the representations with which he is charged was carefully considered by this court in the case of *Neilson v. Masters*, 72 Or. 463 (143 P. 1132); in that case, after an extended review of the authorities, the rule was stated thus:

"Some decisions hold that it is not necessary, in all cases, to aver a scienter; but we hold that, assuming it to be necessary to allege a scienter, it is not necessary to do so in express terms, and that when the averments of fraud are stated in terms that necessarily imply that the person making the representations knew their falsity, the pleading is sufficient in that respect."

See to the same effect Bancroft's Code Pleading, § 1460; 27 C. J. Fraud, § 152, p. 33; 12 R. C. L. Fraud and Deceit, § 167, p. 420. The allegations in this instance are not substantially dissimilar from those approved in *Neilson v. Masters,* supra. We conclude that the pleading is sufficient and that the judgment below should be affirmed.                    AFFIRMED.