Argued October 10, 1957, affirmed March 26, 1958

# NISSON *v.* TILLMAN ET UX

323 P. 2d 329

*Robert E. Jones,* Portland, argued the cause for appellants. On the brief were Windsor, Jones & Briggs, Portland.

*Albert T. Kemmer,* Portland, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and LUSK, WARNER and KESTER,* Justices.

PERRY, C. J.

The plaintiff brought this action, setting forth the following allegations in her complaint:

"I.

"That at all times hereinafter mentioned the Defendants were, and are now, husband and wife.

"II.

"That on or about the 25th day of January 1954, Plaintiff agreed to purchase from the Defendants, and the Defendants agreed to sell to the Plaintiff, that certain restaurant in the City of Beaverton, County of Washington, State of Oregon, commonly known as the Tip Top Coffee Shop, together with the equipment, good-will and assumed name thereof.

"III.

"That Plaintiff made the down-payment as required by the Contract of Sale, installed new equipment in the restaurant, employed workmen to perform labor in cleaning, painting and placing the said restaurant in good order and repair for the transaction of a restaurant business and thereupon occupied said premises and restaurant for the transaction of the restaurant business.

"IV.

"That prior to entering into said agreement of purchase of the said restaurant and equipment, as hereinbefore alleged, the Defendants represented to Plaintiff that the plumbing in said restaurant was in good order and repair; that the said restaurant had an A-1 rating with the Health Department of Washington County, Oregon, and was authorized

* Resigned March 1, 1958.

to operate under the assumed name and style of Tip Top Cafe.

"V.

"That said representations were false in that the plumbing in the said restaurant was in a defective condition and was not in accordance with the Code of the State of Oregon Health Department; the restaurant had no A-1 rating, but was, in fact, not passed by the Health Department for such rating; that the Defendants had never filed an assumed name certificate with the County Clerk of Washington County authorizing the conduct of the business under the assumed name of Tip Top Cafe.

"VI.

"That said representations were either known to have been false when made, or were made so recklessly and without regard to the truth or falsity thereof as to amount to fraud; they were made to defraud and with the intent that Plaintiff act thereon and the Plaintiff relied thereon and made the payment due under the Contract of Sale and expended monies with reference to the repair and improvement of the restaurant and moved herself and her family to the City of Beaverton and expended monies with reference to the conduct of the business and in her re-location in Beaverton.

"VII.

"That, upon discovery of said misrepresentations, Plaintiff rescinded the transaction and gave notice thereof to the Defendants, and each of them, and demanded return of the sum of $2165.94 2593.95 paid in connection with the purchase price, rehabilitation and repair of the restaurant and the further sum of $912.50 1042.42, other expenses and general damages suffered by the Plaintiff; that the same has not been paid, nor any part thereof.

"WHEREFORE, Plaintiff prays judgment against the Defendants, and each of them, for the sum of $2165.94 special damages and the further

sum of $912.50 general damages, together with interest thereon at the rate of 6% per annum from May 1, 1954, together with her costs and disbursements incurred herein."

The trial of the cause resulted in a judgment for plaintiff and against the defendants in the sum of $1250.00. From this adverse judgment the defendants have appealed.

On appeal, the defendants for the first time contend the complaint does not state a cause of action.

In *Musgrave et ux v. Lucas et ux,* 193 Or 401, 410, 238 P2d 780, we said:

"Comprehensively stated, the elements of actionable fraud consist of: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; (9) and his consequent and proximate injury. Conzelmann v. N. W. P. & D. Prod. Co., 190 Or 332, 350, 225 P2d 757. To state a good cause of action, it is necessary that each and every one of the essential elements of fraud be alleged."

Defendants, therefore, conclude that, since the complaint fails to allege the plaintiff was ignorant of the falsity of the representations, an element of a valid cause of action is missing.

■ It has been long established in this state that a complaint alleging fraud is sufficient if it alleges facts showing that (1) a material representation was made to the plaintiff and it was false; (2) the defendant making the representation knew it was false, or, in lieu thereof, defendant made the representation recklessly

without knowledge of its truth or falsity; (3) the representation was made with intent that the plaintiff should rely upon it and be deceived; (4) the plaintiff relied upon the representation and suffered injury. *Palmberg v. City of Astoria,* 112 Or 353, 228 P 107, 229 P 380, and cases cited therein.

· ██ In "comprehensively" stating the elements of actionable fraud in the case of *Musgrave et ux v. Lucas et ux,* supra, and *Conzelmann v. N. W. P. & D. Prod. Co.,* supra, cited therein, we did not intend to state that each of these elements must be separately alleged. It is sufficient if the pleading as a whole may be said to contain each of these necessary elements. In the case before us, the plaintiff alleges she relied upon the representations. This in itself implies not only her right to rely upon the representations, but her ignorance of the falsity of the representations. The plaintiff's statement of reliance merely puts in issue as questions of fact her knowledge of the true facts which would prevent her reliance on the representations, or her right to rely upon them.

The defendants also contend that the "complaint, after attempting to allege a cause of action based on fraud, goes further and states the respondent rescinded the transaction." The basis of this contention apparently is that plaintiff must elect to either sue in damages at law or in equity to rescind, she cannot do both, and, therefore, no cause of action is stated.

██ One of the remedies open to a party who has been induced by fraudulent representations to become the purchaser of property is, upon discovery of fraud, to rescind the contract absolutely and sue in an action at law to recover the consideration parted with upon the fraudulent contract. *Kruse v. Bush,* 85 Or 394, 397, 167 P 308. See, also, *Rayburn et al. v. Norton,* 117 Or

328, 243 P 560; *McCabe v. Kelleher,* 90 Or 45, 50, 175 P 608; *Hanna v. Hope,* 86 Or 303, 308, 168 P 618. This, we think, is the theory of the complaint in this case. It alleges that plaintiff "rescinded the transaction" and demanded return of the purchase price, and asks for judgment in the amount of the money so paid. The fact that the plaintiff also sought general damages which he would not be entitled to recover in an action based on rescission does not affect the essential character of the pleading. The defendants could have challenged this claim either by a motion directed to the complaint or by objections to the introduction of evidence, but they did neither. The complaint states a cause of action in assumpsit.

The defendants also assign as error the refusal by the trial court to grant defendants' motion for an involuntary nonsuit at the conclusion of the plaintiff's case.

■ Insofar as the representations made as to the A-1 card and the assumed name are concerned, we do not express any opinion of the right of the plaintiff to rely upon them under the facts of this case. It is not necessary that the plaintiff prove that all of the representations made were material and false, it is sufficient if one representation was material and false. There is no question but that the representations relating to the condition of the plumbing were false and this condition was known to the defendants. It is also self-evident that adequate plumbing in this day and age is a necessity for the operation of a restaurant and would be a material consideration in the purchase and sale of such an establishment.

The judgment of the trial court is affirmed.