Argued January 29, affirmed April 2, 1958

## FIELDS *v.* HAUPERT ET AL
### 323 P. 2d 333

*Warren G. Lesseg,* Medford, argued the cause for appellants. With him on the brief was Robert A. Boyer, Medford.

*Clifford D. Ouellette,* Medford, argued the cause for respondent. On the brief were Skyrman, Ouellette & Heisel, Medford.

Before PERRY, Chief Justice, and LUSK, WARNER and KESTER,* Justices.

PER CURIAM.

This is a suit in equity to rescind a contract for the sale and purchase of a yarder (a piece of machinery used in logging operations) and to cancel the note and mortgage executed by the plaintiff as security for a portion of the purchase price. The trial court granted the rescission and cancellation of the instruments and the defendants appeal.

It should be noted that in a suit for rescission it is not necessary to allege and prove scienter, as it is known in the law of fraud and deceit; that is, the representation of a material fact made, knowing the representation to be false or with culpable ignorance of its truth or falsity. It is only necessary to allege and prove the material fact represented was in fact not true, and there was reliance thereon. *Gamble et ux. v. Beahm,* 198 Or 537, 257 P2d 882; *Schuler et ux. v. Humphrey et ux.,* 198 Or 458, 257 P2d 865; *Dahl et al. v. Crain et ux.,* 193 Or 207, 237 P2d 939; *Sharkey v. Burlingame Co.,* 131 Or 185, 282 P2d 546.

---

* Resigned March 1, 1958.

■ The record shows the diesel engine, which was a part of the yarder and provided the energy for operating the yarder, had a broken cylinder sleeve that prevented proper operation of the machinery. There could be no question in the record that the defendants, through their agent, represented the yarder to be in proper operating condition. It is also clear that this was a breach of the warranty which a visual and short test of the machine would fail to reveal. See *Ferguson v. Koch,* 204 Cal 342, 268 P 342, 58 ALR 1176.

■ While the record is not entirely free from doubt on the factual side as to whether the machinery failed because it was in fact defective on delivery or became that way because of negligent use of the machine by the plaintiff, we are, after careful examination of the entire record, disposed to concur in the conclusion reached by the trial court.

The decree of the trial court is affirmed. Neither party is to recover costs.