Argued September 9, affirmed September 21, 1960

# KUCHTA *v*. WESTERN OLDSMOBILE, INC.

355 P. 2d 458

*William J. Masters,* Portland, argued the cause for appellant. On the brief were Masters & Masters, Portland.

*Robert Clapperton,* Portland, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, GOODWIN and KING, Justices.

KING, J. (Pro Tempore)

This is an appeal from a judgment on a jury's verdict awarding plaintiff $2,200 in an action to

rescind a contract for the purchase of an automobile for alleged fraud.

On Saturday, April 5, 1958, the plaintiff, a Danish-Polish immigrant, entered the defendant's automobile agency and discussed trading his Pontiac station wagon on a 1957 Oldsmobile car. This discussion was with Chuck Hodge, an employee and agent of the defendant corporation.

No agreement was reached at that time, and another meeting was arranged for the next afternoon, which was Sunday. At this meeting, after considerable discussion, the plaintiff signed a sales contract in blank, left his Pontiac car and drove the 1957 Oldsmobile to his home in Vancouver, Washington.

It is plaintiff's claim that he was merely trying out the Oldsmobile and that the blank contract was signed for defendant's protection and for the purpose of allowing the plaintiff to try out the car.

On the following Monday morning the plaintiff returned to defendant's place of business and claims he informed the defendant that he was not satisfied with the Oldsmobile and demanded the return of his Pontiac. After considerable heated argument this was refused.

Again, on Tuesday, April 8, 1958, the plaintiff returned with the Oldsmobile and attempted to get the Pontiac. Being unable to do so, after another long and heated discussion he signed another and completed contract for the Oldsmobile. That contract, in evidence, shows the date of April 7, 1958, but plaintiff testified it was not signed until April 8, 1958.

On July 25, 1958, the plaintiff gave written notice to the defendant that he elected to rescind the contract, offered the return of the Oldsmobile, together

with pay for reasonable use thereof, and demanded the return of the value of the Pontiac traded in as a down payment, and for other money paid on the contract. The rescission was based on the claim that the Oldsmobile was represented as a new 1957 model, when in fact it was a used 1957 model.

As mentioned before, the jury returned a verdict for the plaintiff in the amount of $2,200. The overall question is: should this verdict and judgment be sustained under the pleadings and proof in this case?

The defendant's first assignment of error is: the court erred in denying the motion of defendant for a mistrial, and in failing to sustain objections to questions asked the plaintiff and to his answers to what took place and what was said before and at the time of the alleged signing of the contract in blank and before the completed contract was signed.

The defendant made his original motion for a mistrial during the opening statement of the plaintiff's attorney as he was outlining what they expected to prove. This outline included all the trade and purchase dealings between the parties from Saturday, April 5, 1958, through Tuesday, April 8, 1958. When that motion was denied, objection was made to testimony regarding the same matters. At the time the motion for mistrial was made, fraud was alleged as the basis for the rescission, and this was denied by the answer. The defendant, after its motion was made and denied, then admitted for the first time that it had represented to the plaintiff that the Oldsmobile was a new 1957 car, but by its pleadings still denied that it was in fact a used or old car. The defendant seems to rely on the theory that it is not necessary to allege and prove scienter, as it is known in fraud and deceit. They urge that it is only neces-

sary to allege and prove that the material fact was relied on and that it was not true. That seems to be the general rule in Oregon and is upheld by many cases, including the following cited by the defendant. *Sharkey v. Burlingame Co.,* 131 Or 185, 282 P 546; *Weiss and Hamilton v. Gumbert,* 191 Or 119, 227 P2d 812, 228 P2d 800; *Fields v. Haupert et al.,* 213 Or 179, 323 P2d 333.

■ It is true that the buyer may rescind a sales contract for the breach of an express warranty, without the necessity of proving the seller had knowledge of the breach. *Fields v. Haupert et al.,* supra. It does not necessarily follow that breach of warranty is the only basis for a rescission or that all the evidence of the transaction or of preliminary transactions would be improper because they tended to prove scienter, if such facts were also material to other parts of the case.

■■ Fraud in inducement is a basis for an action for rescission of a contract, and it was upon this theory that the plaintif relied and had a right to rely. *Kruse v. Bush,* 85 Or 394, 167 P 308; *Hanna v. Hope,* 86 Or 303, 168 P 618; *McCabe v. Kelleher,* 90 Or 45, 175 P 608; *Nisson v. Tillman et ux.,* 213 Or 133, 323 P2d 329.

■ The motion for mistrial was properly denied. The plaintiff had alleged fraud in inducement to the contract, and this was all denied by the defendant in its answer. Even if the proof of scienter was not necessary, the testimony given could be used to prove the other elements of fraud, such as reliance by the plaintiff and his right to rely thereon and on other matters, and is not and should not be confined merely to prove scienter.

A study of the transcript of testimony makes it

clear that what was said and done on Saturday, April 5, 1958, Sunday, April 6, 1958, Monday, April 7, 1958, and Tuesday, April 8, 1958, were all interrelated and a part of the same general transaction which ended in the contract which is here sought to be rescinded. Simply because other papers were signed in blank or otherwise would not make it incompetent.

The defendant cites and quotes from *Weiss and Hamilton v. Gumbert,* supra, but in that case the entire transaction covering several days' time was received in evidence. The court there says at page 135:

"* * * These misstatements referred to material matters and were relied upon by plaintiffs. It may be conceded that in making the misstatements defendant was entirely innocent; she may have had no intention whatever to mislead and deceive plaintiffs; she may have honestly believed the figures set forth to be true. Yet, withal, upon discovering the truth after Ruben's audit, Weiss had the right to rescind the transaction, provided he acted promptly, and he did."

We think the present case is similar in many respects to *Weiss and Hamilton v. Gumbert,* supra.

The second assignment of error is based upon the court's refusal to grant a continuance after the mistrial was denied, so that the defendant could attempt to locate Chuck Hodge, the salesman who dealt with the plaintiff.

■■ The rule in this state is that a denial of a motion to postpone a hearing or trial is within the trial court's discretion and will not be disturbed except in case of manifest abuse. *State v. Hawkins,* 18 Or 476, 23 P 475; *Cole v. Willow River Company,* 60 Or 594, 117 P 659, 118 P 176, 1030; *Portland & O. C. Ry. Co.*

*v. Sanders,* 86 Or 62, 167 P 564; *Baker v. Jenson,* 135 Or 669, 295 P 467.

■ There was no abuse of discretion by the trial court in refusing a continuance in this case on the showing made. The defendant had several months' notice that the plaintiff was claiming fraud in the transaction. Surely it cannot be excused for not attempting to locate the very man accused of perpetrating the fraud. The record even indicates that his deposition had been taken, but no attempt was made to use it.

This assignment of error is without merit.

■■ Assignment of error No. III is based upon the court's refusal to grant a nonsuit. Assignment of error No. IV is based upon the court's refusal to grant a directed verdict. Considering these two assignments together, the court is satisfied that there was ample evidence produced to go to the jury and to sustain the verdict. It would be useless to prolong this opinion by again setting out the applicable rules of law. Under assignment of error No. III in its brief the defendant raises the point that plaintiff did not elect to rescind within a reasonable time. This was not raised in the trial court and should not be considered for the first time here. *Meier v. Northern Pacific Ry. Co.,* 51 Or 69, 93 P 691; *Hammer v. Campbell Gas Burner Co.,* 74 Or 126, 144 P 396; *Inman et al v. Ollson et al,* 213 Or 56, 321 P2d 1043.

If defendant desired to raise that question, it should have called it to the trial court's attention. In any event that was a question of fact, whether plaintiff acted with reasonable promptness, and it was properly explained and submitted to the jury by the trial judge. The instructions as a whole were clear and explicit and fully covered the issues. The judgment is affirmed.