Argued June 7, affirmed July 15, 1971

McGILL ET UX, *Respondents, v.*
HULING BUICK COMPANY, *Appellant.*

487 P2d 656

*James H. Anderson,* Eugene, argued the cause for appellant. With him on the briefs were Hale G. Thompson, Thompson, Mumford & Woodrich, Eugene.

*David A. Vinson,* Eugene, argued the cause for respondents. With him on the brief were Sahlstrom, Starr & Vinson, Eugene.

TONGUE, J.

This is an action for damages for fraud in the sale of an automobile by an automobile dealer. Defendant appeals from a jury verdict and judgment for $900 in actual damages and $4,999 in punitive damages.[1]

On this appeal defendant does not contend that the evidence was insufficient to support the verdict or

---

[1] Apparently the jury were of the opinion that an award of $4,999 was an appropriate amount of punitive damages to be awarded in an action against an automobile dealer in which the complaint prayed for such damages in the amount of $5,000.

that there was any error relating to the admission of evidence or instructions to the jury. Instead, the only assignments of error relate to the sufficiency of plaintiffs' complaint. Thus, defendant contends: (1) that the facts stated in plaintiffs' complaint did not constitute a cause of action, and (2) that the allegations of the complaint were insufficient to support an award of punitive damages.

The complaint, after describing the parties, alleged that the plaintiffs made an agreement for the purchase of a Buick automobile from defendant for $2,999, less $900 as a trade-in allowance on their used car, following which plaintiffs, at defendant's request, signed a retail installment contract form in blank. The complaint then alleges:

> "That at the time of said sale, on or about February 15, 1969, Defendant represented to Plaintiff that the blank spaces in said retail installment contract form would be filled in according to the terms of the agreement between the parties as set forth hereinabove.
>
> "That such representations were false in that Defendant concealed from Plaintiffs the fact that they would not be allowed Nine Hundred Dollars ($900.00) trade-in value on their certain 1964 Rambler automobile, but would be allowed only the sum of Five Hundred Ninety-nine Dollars ($599.00). That Defendant knew said representations were false and made such representations with the intent that Plaintiff rely thereon. That Plaintiffs in reliance on Defendant's representations as aforesaid, and not otherwise, delivered said 1964 Rambler automobile to Defendants, and signed said retail installment contract form in blank. That at all times herein mentioned, Plaintiffs were ignorant of the falsity of the said representation * * *."

The complaint went on to allege that defendant

assigned the contract to a bank; that plaintiffs then, after receiving a copy of the contract, notified defendant that it did not conform to the agreement at the time of the sale and tendered payments in accordance with that agreement, but that defendant refused to correct the defect and that the automobile was then seized by the sheriff, apparently for plaintiffs' failure to make payments in accordance with the terms of the written contract, as filled in by defendant.

1. *The complaint alleged sufficient facts to constitute a cause of action for fraud.*

1. In considering this assignment of error it must be noted that no motion or demurrer was filed by defendant prior to trial. As a result, the complaint must be construed liberally in favor of the plaintiffs. *Rohner et ux v. Neville,* 230 Or 31, 33, 365 P2d 614, 368 P2d 391 (1961). This is particularly true after a verdict in favor of plaintiff. *Western Feed Co. v. Heidloff,* 230 Or 324, 343, 370 P2d 612 (1962).

Defendant first contends that "nowhere in plaintiffs' complaint is it alleged that the representations are material * * *." In construing these allegations as a whole, however, it appears that the alleged representation was to the effect that the blank spaces in the contract form would be filled in according to the terms previously agreed upon, including the trade-in allowance of $900, as previously agreed. Such an alleged representation was a material representation because the trade-in allowance on the sale of a car is a material and important term in such a transaction and agreement. Having alleged such facts, it was not necessary to allege the legal conclusion that such a representation was "material." *Nisson v. Tillman et*

*ux,* 213 Or 133, 323 P2d 329 (1958), cited by defendant, is not to the contrary, but holds (at pp 137-38) that "a complaint * * * is sufficient if it alleges *facts* showing that * * * a material representation was made to the plaintiff * * *" and that "it is sufficient if the pleading as a whole may be said to contain each of these necessary elements."

Defendant also contends that the complaint did not allege that this representation was known to be false and made with an intent to deceive plaintiffs; that this is particularly necessary in this case because plaintiffs' complaint is "predicated" upon "a promise not performed," for the reason that nonperformance of a promise does not of itself constitute fraud (citing *Butte Motor Company v. Strand,* 225 Or 317, 358 P2d 279 (1960)), and that in such a case it is also necessary to allege that defendant "had no intention of performing at the time the promise was made" (citing *Holland v. Lentz,* 239 Or 332, 397 P2d 787 (1964), and other cases to the same effect).

Again, however, and construing these allegations as a whole, we hold that the allegations that defendant represented to plaintiffs that the blank spaces in the contract would be filled in as previously agreed and that defendant concealed from plaintiffs the fact that they would not be allowed $900 as a trade-in value of their old car, as agreed, "but would be allowed only the sum of Five Hundred Ninety-nine Dollars ($599.00)," sufficiently alleged both knowledge that the representation was false, as well as an intent to deceive plaintiffs and not to perform the promise to fill in the contract form so as to allow $900 as a trade-in allowance.

In *Debow v. Nelson,* 131 Or 478, 480, 283 P 34

(1929), this court held that it is not necessary to allege scienter or knowledge in express terms and that "when the averments of fraud are stated in terms that *necessarily imply that the person making the representations knew their falsity,* the pleading is sufficient in that respect," particularly in the absence of a motion or demurrer.

Similarly, in this case, we hold that these allegations in plaintiffs' complaint were stated in terms that necessarily implied not only that defendant knew that the alleged representation was false, but also that defendant intended by that representation to deceive plaintiffs and did not intend to perform the promise to allow $900 as a trade-in allowance, as agreed upon.

See also *Hardy v. Oregon Eilers Music House,* 99 Or 340, 356, 195 P 563 (1921), and *Heise et ux v. Pilot Rock Lbr. Co.,* 222 Or 78, 86, 352 P2d 1072 (1960). *Butte Motor Company v. Strand, supra,* and *Holland v. Lentz, supra,* cited by defendant are not to the contrary.

2. For these reasons we reject defendant's contention that the facts stated in plaintiffs' complaint did not constitute a cause of action.

2. *The complaint also alleged facts sufficient to support an award of punitive damages.*

3, 4. Defendant contends that "nowhere in the complaint do the plaintiffs allege that the representations were willful, malicious or recklessly made, nor do they allege that they are entitled to punitive damages"; that the allegations of this complaint are "almost identical" to the allegations held to be insufficient in *Cays v. McDaniel,* 204 Or 449, 283 P2d 658 (1955), and that the prayer of the complaint for punitive damages is

"to no avail" because the prayer is "no part of the cause of suit or action," as held in *Williams v. Stockman's Life Insurance*, 250 Or 160, 441 P2d 608 (1968).

Defendant is correct in contending that a prayer for punitive damages is not sufficient of itself to support an award of punitive damages. Defendant is not correct, however, in contending that to support an award of punitive damages a complaint for damages for fraud must allege that a representation by a defendant was "willful, malicious or recklessly made."

In recent cases this court has re-examined the concept of punitive damages and the nature of the conduct required to support an award of punitive damages. See *Osborn v. Teague Chevrolet*, 254 Or 486, 489-90, 459 P2d 988 (1969); *Dorn v. Wilmarth*, 254 Or 236, 239, 458 P2d 942 (1969); *Douglas v. Humble Oil*, 251 Or 310, 314, 445 P2d 590 (1968); *Sumrell v. Household Finance*, 250 Or 381, 383, 443 P2d 179 (1968), and *Noe v. Kaiser Foundation Hosp.*, 248 Or 420, 425, 435 P2d 306 (1967).

These cases hold that the legal justification for punitive damages is determent and that such damages will only be allowed when the violation of societal interests is sufficiently great and the conduct involved is of a kind that sanctions would tend to prevent. Thus, in *Noe,* we said (at p 425):

"* * * *Regardless of the nomenclature by which a violation of these obligations is described* (grossly negligent, *willful, wanton, malicious, etc.*), it is apparent that this court has decided that it is proper to use the sanction of punitive damages where there has been a particularly aggravated disregard by a member of the medical profession of his professional duties (preservation of life and health). There would appear to be no rational justification

for any separate rule or language applicable to the medical profession. It is proper, however, in determining whether there has been a sufficiently aggravated violation of societal interests to justify the sanctions of punitive damages as a preventative measure, that any duty owed by the offending party be taken into consideration. This is so whether the offending person be a physician, lawyer, electrician, or any other person who may owe a duty by virtue of his relationship to the offended party." (Emphasis added)

The earlier case of *Cays v. McDaniel, supra* (relied upon by defendant), held, in effect (at p 457) that the conduct of an automobile dealer in turning back the speedometer on a used car and selling it as a new car presented only a case of "simple fraud" and did not justify an award of punitive damages because there were no such extraordinary or exceptional circumstances of aggravation so as to indicate malice or willfulness. The court held, however (at p 458), quoting from another case, that:

"\* \* \* 'the rules of pleading do not require that the allegations relating to exemplary damages should be set out separately from the other averments of the complaint', as is required with relation to special damages. Exemplary damages are so intimately connected with general damages that *if the general allegations of the complaint are sufficient to show the wrong complained of was inflicted with malice or oppression or other like circumstances,* the complaint will be deemed sufficient to authorize the infliction of punitive or exemplary damages." (Emphasis added)

In *Lewis v. World Wide Imports, Inc.,* 238 Or 580, 395 P2d 922 (1964) (at p 582), this court held that the conduct of an automobile dealer in turning back the speedometer of a car for the purpose of deceiving

a purchaser is sufficiently "aggravated" so as to be sufficient to support the imposition of punitive damages and overruled *Cays v. McDaniel* to that extent. Also, in *Osborn v. Teague Chevrolet, supra,* we held, under similar facts that "punitive damages would appear to be particularly well suited to prevent defendant and others from the kind of conduct here complained of."

5. In this case, the alleged conduct of the automobile dealer was, in effect, a "trick" by which he first agreed to allow $900 as a trade-in allowance and then had the purchaser sign the contract in blank, intending at all times to fill in the smaller sum of $599 as a trade-in allowance, in the hope that the purchaser would either not notice the discrepancy or would not make an issue of it. In our view, such conduct is equally reprehensible, as compared with the conduct involved in *Lewis* and *Osborn,* and is thus proper as a basis of an award of possible punitive damages to discourage both this defendant and other automobile dealers in engaging in similar conduct.

Having reached that conclusion, it follows that the allegations of this complaint were sufficient to support an award of punitive damages, as a matter of pleading. Indeed, as previously noted, we said in *Cays v. McDaniel, supra* (at 458), that allegations relating to punitive damages need not be set out separately from other allegations of the complaint. Neither is it necessary to allege, as a matter of "nomenclature," that the conduct complained of was done "maliciously," "wantonly" or "intentionally," provided that a complaint alleges facts sufficiently "aggravated" in their nature as to come within the test of *Noe v. Kaiser Foundation Hosp., supra.*

In our opinion, the conduct of defendant, as alleged in plaintiffs' complaint, satisfies that test. The complaint also, by its prayer, put defendant on notice that plaintiffs demanded an award of punitive damages. No motion to strike or to make more definite and certain was filed by defendant.

Under these circumstances we hold that plaintiffs' complaint was sufficient to sustain an award of punitive damages.

For these reasons we affirm the judgment of the trial court.

Affirmed.