Argued July 8, affirmed in part; reversed and remanded in part September
23, 1976, petition for rehearing pending

# MULVIHILL et ux, *Appellants,*

### *v.*

# PACIFIC LAND MANAGEMENT, INC. et al,
## *Respondents.*

### 554 P2d 488

*Diane Spies,* of Connall & Spies, P.C., Portland, argued the cause and filed the brief for appellants.

*Mark McCulloch,* of Powers & McCulloch, Portland, argued the cause and filed the brief for respondent Mala.

*Martin W. Van Zeipel,* of Noles, Van Zeipel & Mead, Portland, argued the cause and filed the brief for respondent Jenner.

Stephen R. Miller, Wilsonville, for respondent Pacific Land Management, Inc.

Before Denecke, Chief Justice, and O'Connell, Tongue and Bryson, Justices.

TONGUE, J.

**TONGUE, J.**

This is an action for damages for fraud by the purchasers of a house and lot in Clackamas County. The case was tried before a jury, which returned a verdict of $2,500 in favor of plaintiffs. The trial court then allowed motions for judgments for defendants notwithstanding the verdict.

Plaintiffs appeal, assigning as error not only the orders for judgments n.o.v., but also the striking by the trial court of allegations for punitive damages and the withdrawal from the jury of one of the two misrepresentations alleged.

These alleged misrepresentations were: (1) that defendant corporation would gravel an access road which would "meet or exceed the quality" of an adjacent county road, and (2) that defendant corporation would "dam a creek along said property, thereby creating a lake which Defendant was then to stock with trout" and which would "provide Plaintiff with lake frontage."

It was alleged that:

> "Said representations were false and known by Defendant to be false in that Defendant neither gravelled said road nor created said lake nor did it ever intend to do so."

Count II of the complaint alleged, alternatively, that:

> "Said representations were false and Defendant without knowledge of their truth or falsity, recklessly made said representation."

*Liability of defendants Mala and Jenner.*

Defendants Mala and Jenner contend, in separate briefs as respondents: that the allowance of judgments n.o.v. as to them was not in error because plaintiffs' complaint did not allege liability against them as individuals, but only alleged liability against the corporation; that when this contention was made on trial plaintiffs moved to amend their pleadings so as to

[ 255 ]

make defendant Mala individually liable; that the trial court denied the motion to amend; that plaintiffs have not assigned as error on this appeal the denial of that motion; and that no motion was made to amend the pleadings as to defendant Jenner. Plaintiffs made no response to these contentions by the filing of a reply brief and they are not discussed in plaintiffs' opening brief.

Upon examination of the pleadings, we find that although the caption of the complaint names as defendants not only the corporation, but also Mala and Jenner, and although the complaint alleged that they were officers of the corporation and that the representations complained of were made by defendant "by and through its agents, Mala and Jenner," the complaint does not allege that either of them knew *at that time* that either of the two alleged representations were false. Neither is it alleged that either or both of them, at the time the alleged representations were made, did not intend to perform either the alleged promise to gravel the road or to dam the creek.[1]

Moreover, the complaint prays for judgment only against "Defendant" and the only identification or description of "Defendant" in the allegations of the complaint is that "* * * Defendant was and is an Oregon corporation." Neither Mala nor Jenner are referred to as defendants in any allegations of the complaint, but rather as officers and "agents" of the "Defendant."

We believe it to be self-evident that when, in an action for damages for fraud, the plaintiff seeks to impose liability upon an agent, officer or employee of a corporation as an individual, in addition to a judgment against the corporation, the plaintiff must both allege and prove facts sufficient to impose liability upon him

---

[1] The allegation of Count II that the alleged representations were made recklessly and without knowledge of their truth or falsity was stricken by the trial court and plaintiffs have not assigned as error that ruling by the trial court, as required by Rule 6.18 of the Rules of Procedure of this court.

as an individual defendant. This is particularly true when, as in this case, two or more agents are involved and the facts relating to liability are different as between them, with the result that one or more agents might not be held to be individually liable for the fraud, depending upon such facts.

In *Webb v. Clark,* 274 Or 387, 393 n.2, 546 P2d 1078 (1976), we said that:

> "Fraud can never be predicated upon a promise to do something in the future unless it is *alleged* and proven that, at the time of the making of the promise, there was no present intention of performance or, alternatively, that the promise was made with reckless disregard as to whether the promissor could or could not perform. *See Elizaga v. Kaiser Found. Hospitals,* 259 Or 542, 487 P2d 870 (1971); *Butte Motor Co. v. Strand,* 225 Or 317, 358 P2d 279 (1960); *Conzelmann v. N.W.P. & D. Prod. Co.,* 190 Or 332, 225 P2d 757 (1950). In this case *there was no allegation made* and no evidence presented that the defendant did not fully intend to perform his agreement at the time he made it. * * *" (Emphasis added)

This is not a case in which such a question is raised by a defendant for the first time after the verdict or on appeal, so as to require us to construe the pleadings liberally in favor of the plaintiff. Even in such a case the total omission of a material and necessary allegation has been held fatal. *Fulton Ins. v. White Motor Corp.,* 261 Or 206, 214, 493 P2d 128 (1972). In this case this question was raised in the trial court. Although plaintiffs then moved to amend the allegation of their complaint as to one of the two individuals involved, they have not assigned as error the denial of that motion. Neither have plaintiffs given any reasons or cited any authorities in opposition to these contentions by defendants Mala and Jenner, including their reliance upon the rule as stated in *Webb v. Clark, supra.*

On this state of the record, we hold that the trial court did not err in allowing the motions of defendants

Mala and Jenner for entry of judgments n.o.v. as to them.

*Liability of corporation.*

■ An answer to plaintiffs' complaint and a motion for judgment n.o.v. was filed on behalf of defendant Pacific Land Management, Inc. The corporation's attorney did not, however, actively participate in the trial and has filed no brief as a respondent on this appeal. We must nevertheless consider the assignments of error in plaintiffs' brief insofar as they relate to the corporation as a defendant. In doing so we must consider the evidence in the light most favorable to plaintiffs, including all inferences which may be reasonably drawn from such evidence in favor of the plaintiffs. *Cf. Cronn v. Fisher,* 245 Or 407, 416, 422 P2d 276 (1966).

■ To summarize the evidence in detail would serve no useful purpose. Upon examination of the record, however, we find that there was evidence from which the jury could have properly found that representations were made to the plaintiffs that defendant would gravel the access road so as to meet or exceed the quality of the adjacent county road and would dam the creek along the property and that plaintiffs reasonably relied upon these representations.

■ As to the representation relating to the gravel road, we find no evidence from which, in our opinion, the jury could properly find that defendant did not *then* intend to perform that promise. There was evidence that the road was not subsequently gravelled in such a manner as to meet or exceed the quality of the adjacent county road, but such evidence alone was not sufficient to prove that defendant did not intend to perform that promise when the representation was made. *Butte Motor Co. v. Strand,* 225 Or 317, 321, 358 P2d 279 (1960). The allegation in Count II of plaintiffs' complaint that the representation was made recklessly without regard to its truth or falsity was stricken by the trial court and that ruling is not assigned as error.

Accordingly, we hold that the trial court did not err in withdrawing from the jury the representation relating to the gravelling of the access road.

As to the representation that defendant would dam the creek along the property, there was evidence from which the jury could properly find that at the time of the representation defendant had previously been informed of a "geologic report" of a government agency that "[u]nless all of the unstable soil in the channel area is removed from beneath the dam, no further consideration should be given to construction of a dam on this site."

Considerable evidence was offered on behalf of defendant to the effect that the construction of the dam was still possible; that it was, in fact, partially constructed; and that it was not completed because of other reasons not known at the time of the representation. There was other testimony, however, that it would cost a substantial amount of money to remove all the unstable soil in the channel, which was at least 10 feet deep, and that no application was made for a permit, apparently required by law, to build the dam. We believe the jury could have disbelieved defendant's evidence and could reasonably have found from the testimony relating to the "geologic report," the cost involved, and the absence of a permit application, that defendant, at the time it represented that it would dam the creek along the property, did not intend to do so.

It follows, in our opinion, that the trial court was in error in allowing the motion for judgment n.o.v. by defendant corporation and in setting aside the jury verdict against the defendant corporation, that verdict having been based upon the submission to it of the evidence relating to the representation that defendant would build a dam on the creek.

■ Plaintiffs' remaining assignment of error is that the trial court erred in withdrawing the issue of

[ 259 ]

punitive damages from the jury. Assuming, as we have held, that there was sufficient evidence from which the jury could have properly found: (1) that defendant represented to plaintiffs that it would dam the creek along the property so as to create a pond in front of the property and (2) that defendant made that representation with knowledge that the construction of such a dam was not feasible and that it did not intend to build that dam, the jury could also find, in our opinion, that such conduct by the developer of a residential subdivision in the course of promoting the sale of a house and lot to an unsuspecting purchaser was so contrary to "societal interests" as to be of the kind that an award of punitive damages would "tend to prevent." *Cf. McGill v. Huling Buick Company,* 259 Or 413, 419, 487 P2d 656 (1971).[2] It follows, in our judgment, that the trial court erred in withdrawing from the jury the issue of punitive damages.

For all of these reasons, the judgment of the trial court in favor of defendants Mala and Jenner is affirmed and the judgment in favor of defendant Pacific Land Management, Inc., is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

**DENECKE, C. J.,** specially concurring.

I question the appropriateness of allowing an award of punitive damages in a "promissory" fraud case such as this. However, this is not the case to re-examine this issue as counsel did not raise this broad question. These cases are basically breach of contract cases with the remedy of compensatory damages. For example, see *Webb v. Clark,* 274 Or 387, 392, 546 P2d 1078 (1976).

---

[2] No contention is made by defendant that as a corporation it is not liable for punitive damages for failure by plaintiffs to satisfy the requirements stated by this court in *Stroud v. Denny's Restaurant,* 271 Or 430, 532 P2d 790 (1975).