Argued July 6, decided July 18, 1911.

## STARK v. EPLER.

[117 Pac. 276.]

TRIAL—ARGUMENT.

1. In a prosecution for assault and battery, plaintiff's counsel stated in his closing argument that the action arose out of a crime and defendants were prosecuted in a municipal court, but he did not know how the trial turned out, as defendants objected to showing that. Both sides gave evidence, without objection, of the criminal prosecution, and there was much testimony tending to prove the assault. *Held*, that the remark characterizing defendants' act as a crime was legitimate discussion of the evidence.

APPEAL AND ERROR—OBJECTIONS—ADMISSION OF EVIDENCE.

2. Defendant cannot object on appeal to the admission of evidence which he did not object to below.

ASSAULT AND BATTERY—ACTIONS—ADMISSION OF EVIDENCE.

3. In an action for assault and battery claimed to have been committed when plaintiff tried to leave defendants' boarding house, evidence of heated words between the parties when plaintiff discovered defendants rummaging in her trunk is admissible to prove malice.

ASSAULT AND BATTERY—ADMISSION OF EVIDENCE.

4. In an action for assault and battery claimed to have been committed while plaintiff was leaving defendants' boarding house, evidence was admissible as to what defendant said in her prosecution for the same acts in the municipal court, as to whether plaintiff and her husband owed for any room rent at the time defendant undertook to seize plaintiff's goods, in order to show lack of justification in taking the goods and making the assault.

EVIDENCE—DECLARATIONS OF PARTIES.

5. In an action for assault and battery committed while defendant was attempting to seize plaintiff's goods when plaintiff was leaving defendants' boarding house, plaintiff introduced evidence that at the proecution of defendant for the same act in the municipal court the judge asked defendant, after she admitted that plaintiff owed her nothing for rent, what she took the goods for, and defendant answered that she wanted to take them so if they did owe her anything she would have it. *Held,* that the evidence was admissible under Section 727, subd. 3, L. O. L., permitting evidence of the declarations or acts of another in the presence and observation of a party.

DAMAGES—PLEADING—EXEMPLARY DAMAGES.

6. While a complaint must allege facts sufficient to authorize the relief sought, allegations as to exemplary damages need not be set out separately, it being sufficient to show that the wrong complained of was inflicted with malice or oppression.

ASSAULT AND BATTERY—"ASSAULT"—DEFINITION.

7. An "assault" is an intentional attempt by force to do violence to the person of another.

ASSAULT AND BATTERY—"BATTERY"—DEFINITION.

8. A "battery" is the application to a person of attempted force and violence.

PLEADING—MATTERS OF PRESUMPTION—MALICE.

9. In view of Section 798, subd. 2, L. O. L., conclusively presuming a malicious and guilty intent from the deliberate commission of an unlawful act for the purpose of injuring another, allegations of the complaint in assault and battery that defendant assaulted and actually battered plaintiff, sufficiently alleged malice to authorize exemplary damages.

TORTS—JOINT TORT-FEASORS.

10. Each of several defendants who joined in a battery was liable for the resulting damages.

ASSAULT AND BATTERY—SUFFICIENCY OF EVIDENCE.

11. Evidence, in an action for assault and battery, *held* to show that both defendants were actuated by malice so as to authorize exemplary damages.

APPEAL AND ERROR—ORDERS APPEALABLE.

12. The denying of a motion for a new trial is not a final order so as to be appealable; Section 548, L. O. L., providing that a final order affecting a substantial right made in a proceeding after judgment or decree, or an order setting aside a judgment and granting a new trial, for the purpose of being reviewed, shall be deemed a judgment, not applying to refusals to re-hear a case.

From Multnomah:   EARL C. BRONAUGH, Judge.

Statement by MR. JUSTICE BURNETT.

The plaintiff, Mary A. Stark, complaining of the defendants, John H. Epler and Sabrina J. Epler, who are husband and wife, alleged:

"That on or about September 20, 1907, in the City of Portland, county of Multnomah, State of Oregon, the defendants herein and each of them wrongfully, violently, ferociously, and maliciously assaulted the plaintiff herein by striking and beating her upon the hands, arms, shoulders and body with their fists and with a hand hatchet or axe or hammer held by the defendant John H. Epler, and by pushing, throwing and crowding the plaintiff against the door casing thereby cutting, bruising and wounding the plaintiff on and about the body, shoulders, arms and side causing her body, shoulders, arms and side to be crushed, bruised, lacerated, lame and sore."

The complaint contains other allegations more particularly setting forth the alleged resulting injuries and

special damages incurred by the plaintiff and closes with a prayer for special damages amounting to $1,000, and further damages in the sum of $10,000 for great mental and bodily pain alleged to have been suffered by the plaintiff.

The answer consists of denials, either positive or upon information and belief, of all the allegations of the complaint. On the trial there was a verdict and consequent judgment in favor of the plaintiff for $4,500. The defendants' motion for a new trial having been overruled, they have appealed. AFFIRMED.

For appellants there was a brief and oral arguments by *Messrs. Cleeton & Graham, Mr. William D. Fenton,* and *Mr. James E. Fenton.*

For respondent there was a brief over the names of *Messrs. Gammans & Malarkey* and *Mr. John F. Logan,* with oral arguments by *Mr. Logan* and *Mr. Dan J. Malarkey.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The testimony tends to show that the defendants were keeping a rooming house in Portland. The plaintiff, with her husband and children, had rented rooms from the defendants and paid a week's rent in advance. At the end of the week the plaintiff and her family were preparing to leave, when the defendant Sabrina Epler appeared upon the scene and seized a roll of bedding belonging to the plaintiff. A scuffle ensued, each contending for the bedding, when Mrs. Epler called for her husband who appeared armed with a hatchet. In the melee consequent upon these actions, the plaintiff received the injuries of which she complains. At the trial the plaintiffs also gave evidence of some quarrels between herself and Mrs. Epler concerning plaintiff's children and about Mrs. Epler rummaging in plaintiff's trunk.

1. One thing of which the appellants complain is that in his closing argument to the jury, counsel for plaintiff used the following language:

"And this action arose out of a crime and these people were tried down in the municipal court, a few days after this thing happened, for a crime. We don't know how that trial turned out—they objected to us showing it, but they were tried for a crime."

The defendants, by their counsel, objected to this language, but no ruling of the court was called for, and none made as to this conduct of plaintiff's counsel. There was testimony on both sides given without objection about criminal prosecution of the defendants in the municipal court. There was abundant testimony, also, tending to prove an assault made by the defendants upon the plaintiff. An "assault" is a crime, and the comment of the counsel upon the action of the defendant characterizing it as a crime was legitimate discussion of the evidence. In our judgment no error is shown in this respect.

2. The action of the court in permitting plaintiff to give evidence about the difficulties occurring between herself and Mrs. Epler over the plaintiff's children is also assigned as error. This testimony was admitted on the acquiescence of defendants' counsel for the purpose of showing malice on the part of the defendant Mrs. Epler, and, having thus concurred, the defendants are in no position to object here on that point.

3. The same reason, that of proving malice, will justify the admission of heated words used on the occasion of the plaintiff's discovering Mrs. Epler rummaging in plaintiff's trunk.

4. Appellants further urge that the court was at fault in allowing the plaintiff to show what Mrs. Epler said at the trial in the municipal court about whether the plaintiff and her husband owed the former any room rent at the time she undertook to seize plaintiff's bed-

ding. This was admissible for the purpose of showing
that her action in taking the property was without jus-
tification, and that her accompanying assault upon the
plaintiff was devoid of excuse.

5. The plaintiff was also allowed to show that at the
trial in the municipal court the judge asked Mrs. Epler,
after she admitted that the plaintiff did not owe her
anything: "Well, then, what did you want to take the
goods for?" and Mrs. Epler answered that she wanted
to take it so that if they did owe her anything she would
have it. Of this the appellants complain on the ground
that it was irrelevant and immaterial. They claim that
the language of the judge had nothing to do with the
dispute in this case, but it is permissible under Section
727, subd. 3, L. O. L., to show the declaration or act of
another in the presence and in the observation of a party
and his conduct in relation thereto. This conversation
between the judge and Mrs. Epler was clearly proper
to show that her conduct with reference to the bedding
and the accompanying assault was inexcusable.

The principal contention of the defendants is that the
court erred in submitting to the jury the question of
exemplary damages. Defendants maintain that the com-
plaint does not state facts sufficient to authorize an inves-
tigation of that question by the jury, and that it gives
no notice to the defendant that such a claim would be
made at the trial.

6. On principle, a complaint must allege facts suf-
ficient to authorize giving the relief sought by the plain-
tiff. "To entitle the plaintiff to exemplary damages, he
must not only prove the elements that enter into and
make up this cause of action, but he must in the first
place in his complaint set up distinctively the elements
that made up his cause of action, and if he fails to do
so, his complaint should be dismissed." *Samuels* v. *Rail-
road Company*, 35 S. C. 493, 501 (14 S. E. 943, 944:

28 Am. St. Rep. 883). The rules of pleading do not require that the allegations relating to exemplary damages should be set out separately from the other averments of the complaint. Special damages must be grounded upon separate allegations, but exemplary damages are so intimately connected with general damages that if the general allegations are sufficient to show the wrong complained of was inflicted with malice or oppression or other like circumstances, the complaint will be sufficient to authorize the infliction of punitive or exemplary damages. *Shoemaker* v. *Sonju,* 15 N. D. 518, 524 (108 N. W. 42).

7. The question then is: Does this complaint contain allegations sufficient to justify the infliction of punitive damages? It is text-book learning that an assault is an intentional attempt by force to do violence to the person of another.

8. A battery is the actual application to such person of the attempted force and violence.

9. The complaint avers that the defendants not only assaulted the plaintiff, but also that they actually applied the threatened violence to her person with the consequences mentioned. *Ex vi termini,* the term "assault" advises the defendants that they are accused of a malicious and guilty intent which is the basis of punitive damages. Our code (Section 798, subd. 2, L. O. L.), conclusively presumes "a malicious and guilty intent from the deliberate commission of an unlawful act for the purpose of injuring another." An assault by that name is an unlawful act as well as the consequent battery. Hence, by these words in the complaint the defendants were notified that malice would be imputed to them on the trial, and that if the acts alleged were proven, the court would be authorized to submit the question of exemplary damages to the jury. The evidence is ample to show that both defendants joined in the assault. The

evidence of quarrels with the plaintiff in which Mrs. Epler is said to have engaged is merely cumulative as tending to show malice on her part, and the proof of the assault and the participation of the defendant John Epler therein was sufficient to make manifest such a state of mind on his part.

10. Having joined in the assault and battery each defendant was liable for the consequences resulting therefrom.

11. The evidence is ample to show they both were actuated by malice from the very fact of their having participated in the assault. Consequently, being joint tort-feasors, each would be liable for damages, both actual and exemplary, resulting from the assault. *Reizenstein v. Clark,* 104 Iowa 287 (73 N. W. 588).

12. The defendants also urge that the court erred in overruling their motion for a new trial, but, as said by Mr. Justice MOORE in *First National Bank* v. *McCullough,* 50 Or. 508, 515 (93 Pac. 366, 369: 17 L. R. A. [N. S.] 1105: 126 Am. St. Rep. 758): "The rule is settled in this State that the action of a court in granting or denying a motion for a new trial is not a final order from which an appeal lies. This principle has so often been announced that it is unnecessary to cite the cases which uphold the doctrine." The doctrine of that case in that respect is not disturbed by Section 548, L. O. L., as to orders denying new trials, for that section only makes appealable orders granting new trials, and does not refer to refusals to rehear any case.

The judgment is affirmed.　　　　　　　　AFFIRMED.