Argued April 13, affirmed as modified May 18, 1955

## CAYS *v.* McDANIEL ET AL
### 283 P. 2d 658

*John Sheldahl* argued the cause for appellants.

*Bert E. Joachims,* of Portland, argued the cause for respondent.

Before WARNER, Chief Justice, and TOOZE, LUSK and BRAND, Justices.

TOOZE, J.

This is an action for damages for fraud and deceit, brought by Noble L. Cays, as plaintiff, against D. L. McDaniel and John F. Stinson, dba McDaniel Motors, and Ken Martin, as defendants. A verdict was returned in favor of plaintiff for the sum of $360 as compensatory damages, and for the further sum of $750 as punitive damages. Judgment was entered accordingly, and defendants appeal.

On October 18, 1952, plaintiff purchased from McDaniel Motors and took possession of a 1952 Hudson hornet club coupe automobile, for the sum of $3,360. On October 22, 1952, plaintiff and McDaniel Motors executed a conditional sales contract for the sale and purchase of said motor vehicle. Defendants represented

to plaintiff that said automobile was a new car. In truth, the car had been driven more than 5,000 miles, and prior to October 18, 1952, pursuant to directions of defendant D. L. McDaniel, the speedometer thereon had been turned back to less than 400 miles. On October 18, when plaintiff was trying out the car before signing a purchase order therefor, the speedometer showed 337 miles. The evidence disclosed that the car had been driven from the factory to McDaniel Motors at Gladstone, in Clackamas county, Oregon, and then had been used by D. L. McDaniel as his own personal car; it also appeared from the evidence that McDaniel had loaned the car to one Solomon for a period of six weeks, and that Solomon had driven it for more than 2,000 miles. Plaintiff discovered the truth about the car's prior use about a week after purchasing it. He then commenced this action for damages.

■ Defendants as their first assignment of error charge that the trial court erred in denying their motion for a directed verdict in their behalf.

This assignment of error challenges the entire record of evidence in the case. In our consideration of the matter we must view the evidence in the light most favorable to plaintiff and determine therefrom whether there is any substantial evidence in the record to support the verdict. Plaintiff is entitled to the benefit of every reasonable inference that can be drawn from the evidence in his favor. *Rosa v. Briggs and Lafferty,* 200 Or 450, 455, 266 P2d 427; *Glascock v. Anderson,* 198 Or 499, 257 P2d 617; *Willoughby v. Driscoll,* 168 Or 187, 191, 120 P2d 768, 121 P2d 917.

■ Fraud is never presumed. He who charges fraud must prove it by evidence that is clear, satisfactory, and convincing. It is not necessary that it be established by direct evidence. Indeed, in many cases, that would be impossible. Therefore, it may be proved by

circumstantial evidence of a clear and satisfactory character. *Conzelmann v. N. W. P. & D. Prod. Co.*, 190 Or 332, 350, 225 P2d 757.

■ In the instant case there are disputes between the parties as to the material facts. However, it is the sole province of the jury to settle those disputes and determine wherein lies the truth. By its verdict in the instant litigation the jury resolved the disputed facts in favor of plaintiff.

■ There is substantial evidence in the record to establish each and every of the essential elements of actionable fraud. The representation of defendants that the car was a new rather than a used automobile constituted a false representation of a material fact; defendants knew the representation to be false and intended thereby to mislead and deceive the plaintiff, and to induce him to purchase the car. Plaintiff was ignorant of the truth and relied upon the representation of the defendants which, under the circumstances, he had the right to do, and, being misled and deceived thereby, was induced to and did purchase the automobile as a new automobile, to his damage in the amount of the difference between the market value of a new car and the market value of the car actually sold and delivered to him.

Defendants contend that plaintiff did not rely upon the representation that the car was new. They also maintain that plaintiff knew the truth about the use of the car before signing the conditional sales contract on October 22. Because of this latter claim, they seek to apply the doctrine announced in *Anderson v. Laws*, 176 Or 468, 159 P2d 201, and reaffirmed in *Conzelmann v. N. W. P. & D. Prod. Co.*, supra, as follows:

"It is well established by the authorities that when one who has been induced by fraud to enter

into a contract, subsequently, with knowledge of the fraud, enters into another agreement respecting the same transaction with the one guilty of the fraud, he, the injured party, thereby waives and relinquishes all right to damages on account of such fraud. If he receives some substantial concession from the one guilty of such fraud, he waives his right to insist further upon holding the wrongdoer responsible in damages for the fraud.''

Had the evidence been undisputed that plaintiff learned the truth about the number of miles the car had been driven before his purchase thereof on October 18 prior to his execution of the conditional sales contract on October 22, the rule would have been applicable; but that is not the state of the record. The evidence justifies a finding that plaintiff did not learn the truth until after the conditional sales contract had been executed.

Under the facts and circumstances of this case, the plaintiff had the undoubted right to rely implicitly upon the representations made by defendants as to the amount of use the car had had prior to his purchase thereof. *Hogan v. Mason Motor Co.*, 133 Or 14, 18, 288 P 200.

There is no merit in defendants' first assignment of error.

As their second assignment of error, defendants maintain that the trial court erred in submitting the issue of punitive damages to the jury.

In his complaint, plaintiff alleges:

''II.

''That on or about the 18th day of October, 1952, plaintiff purchased from the defendants a 1952 Hudson Hornet Club Coupe, bearing Serial No. 178-070, Engine No. 178-070, Oregon License No. 843-352, for the sum of $3,360.00;

## "III.

"That defendants D. L. McDaniel and John F. Stinson, intentionally, by and through its agent, Ken Martin, who was acting in the scope of his employment, did on or about the 18th of October, 1952, falsely and fraudulently and with intent to deceive and defraud plaintiff and with intent to induce plaintiff to rely thereon, did as aforesaid, represent to plaintiff that said vehicle was new;

## "IV.

"That said representations were false, and were then and there known by all defendants to be false; that in truth and fact said vehicle above described and sold to and purchased by plaintiff was a much used vehicle and had been driven some several thousand miles;

## "V.

"That plaintiff believed and justifiably relied upon said representation so made as above stated, and was thereby induced to and did purchase as aforesaid the above described vehicle;

## "VI.

"That by reason of the premises plaintiff has been damaged in the sum of $750.00".

Plaintiff then demands judgment for the sum of $750, with interest, as compensatory damages, "and for the further sum of $2,500.00 punitive damages."

It will be observed that the complaint contains no allegations respecting aggravating circumstances, malice, or wanton conduct. It simply sets forth the essential allegations of fraud. Thus the question is squarely presented whether in every action of fraud and deceit punitive damages are recoverable, without regard to whether the fraud was accompanied by aggravating circumstances, actual malice, or wanton and reckless conduct. If the answer is in the negative, then a question of pleading arises in this case.

In 15 Am Jur 713, Damages, § 278, the following rules are stated:

"While every legal wrong entitles the party injured to recover damages sufficient to compensate for the injury inflicted, not every legal wrong entitles the injured party to recover exemplary damages. The greater portion of actionable wrongs furnishes no basis whatever for the recovery of such damages. It is universally recognized that punitive or exemplary damages, if recoverable at all, may be recovered only in cases where the wrongful act complained of is characterized by, or partakes of, some circumstances of aggravation, such as wilfulness, wantonness, malice, gross negligence or recklessness, oppression, contumely and indignity, outrageous conduct, insult, or gross fraud. In the absence of some such elements, the damages recovered must be confined to compensation for the injury complained of."

In *Kingsley v. United Rys. Co.*, 66 Or 50, 57, 133 P 785, we said:

"It is the law that in actions *ex delicto* the jury may, if they are satisfied from the testimony, award what are known in the law as exemplary or punitive damages. To justify such damages, the jury must be satisfied from the testimony that the injury done was malicious or wilful and wanton in its character or committed with a bad motive or so recklessly as to imply a disregard of social obligations."

See also *Perry v. Thomas et al.*, 197 Or 374, 391, 253 P2d 299.

Punitive damages are not a favorite of the law. The primary concern of the law is the payment of just compensation for the wrong done. Although in proper cases punitive damages are allowable, nevertheless, the tendency of the courts is to restrict rather

than to extend their allowance. It is quite well established by the authorities that punitive damages are not allowable in cases of simple fraud; to be allowable, the fraud must be an aggravated one, as where it is gross, malicious, or wanton. In 37 CJS 489, Fraud, § 144, it is stated:

> "In ordinary cases a recovery of exemplary, punitive, or vindictive damages will not be allowed in an action of deceit, but in certain cases such damages may be allowed, as where the wrong involves some violation of duty springing from a relation of trust or confidence, or where the fraud is gross or the case presents other extraordinary or exceptional circumstances clearly indicating malice and willfulness, as where it appears that defendant acted with a deliberate intent to injure plaintiff."

The subject is quite fully discussed in a note to be found at page 614 of 165 ALR. From the author's comments and the cases discussed in the note, it clearly appears that the great weight of authority supports the conclusions stated in 37 CJS 489, supra.

We are of the opinion, therefore, that punitive damages are not recoverable in an action of damages for fraud and deceit, unless the fraud is accompanied by extraordinary or exceptional circumstances of aggravation, clearly indicating malice and willfulness.

▇▇▇▇ It is elementary that a complaint must allege facts sufficient to authorize the relief sought by a plaintiff. To be entitled to punitive damages in any case, it is necessary that plaintiff allege in his complaint the material facts justifying such allowance. If a plaintiff relies upon circumstances of aggravation as the basis of his claim for punitive damages, those circumstances must be alleged in the complaint. In *Stark v. Epler*, 59 Or 262, 266, 117 P 276, we quoted with approval the

following from the opinion in *Samuels v. Railroad Company*, 35 SC 493, 501, 14 SE 943, 28 Am St Rep 883:

"To entitle the plaintiff to exemplary damages, he must not only prove the elements that enter into and make up this cause of action, but he must in the first place in his complaint set up distinctively the elements that made up his cause of action, and if he fails to do so, his complaint should be dismissed."

However, as we stated in *Stark v. Epler,* supra, "the rules of pleading do not require that the allegations relating to exemplary damages should be set out separately from the other averments of the complaint", as is required with relation to special damages. Exemplary damages are so intimately connected with general damages that if the general allegations of the complaint are sufficient to show the wrong complained of was inflicted with malice or oppression or other like circumstances, the complaint will be deemed sufficient to authorize the infliction of punitive or exemplary damages.

The complaint in the instant case fails to allege any facts sufficient to show that the fraud complained of was accompanied by aggravating circumstances, express malice, or wanton or reckless conduct. It does not contain a statement of any facts that would warrant an allowance of punitive damages. For that reason, it was error for the court to submit the question of punitive damages to the jury.

Moreover, a careful consideration of all the evidence in the case, viewed in the light most favorable to plaintiff, leads to the inevitable conclusion that, wholly apart from the matter of pleading, the record itself fails to establish any aggravating circumstances of the character necessary to form the basis of an allowance of punitive damages. It is a simple case of fraud and deceit.

The judgment of the circuit court will be corrected by eliminating therefrom all that part relating to punitive damages. The judgment in favor of plaintiff for the sum of $360 as general damages will be affirmed.