Argued April 2, reversed and remanded April 22, 1964

# STATE HIGHWAY COMMISSION *v*. JONES ET AL

391 P. 2d 625

*J. Robert Patterson,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and L. I. Lindas, Assistant Attorney General and Chief Counsel for Oregon State Highway Commission.

*Stanley C. Jones, Jr.,* and *Joel B. Reeder,* Medford, argued the cause and filed a brief for respondents.

Before ROSSMAN, J., Presiding, and PERRY, O'CONNELL, DENECKE and LUSK, Justices.

## O'CONNELL, J.

This is an action to acquire land by condemnation for highway purposes. Plaintiff, the State of Oregon, appeals from a judgment entered on a verdict for defendants in the amount of $43,565.

The first assignment of error is based upon the trial court's refusal to sustain an objection to the admission of testimony of Peter Bateman given in support of the estimated value of defendants' land. Bateman was allowed to testify to the demand for gravel material and its price per yard. Another witness testified that the land taken by the state contained approximately 467,000 cubic yards of gravel. Thus there was injected into the case testimony which would permit the jury to arrive at a value of the defendants' land based upon multiplication of the quan-

tity of gravel material by the unit market price for such material.

■ This court has disapproved of the multiplication method as a means of valuing property taken by condemnation. *Highway Comm. v. Nunes. et al*, 233 Or 547, 379 P2d 579 (1963). We held in *Highway Comm. v. Nunes*, supra, that the multiplication method was proper only if used in conjunction with the other factors of the capitalization of earnings test. These factors were not supplied in the trial of the instant case. The judgment must, therefore, be reversed and the cause remanded for a new trial.

Several issues have been raised which require our consideration because they may be presented upon a retrial of the cause.

The trial court sustained defendants' objection to evidence offered by plaintiff of the amount paid by defendant, Walter Jones, for the subject property in November, 1957. Prior to ruling on the proffered evidence the trial judge listened to testimony in chambers tending to show that conditions affecting the value of the property had changed materially since the date of purchase. The changes shown were (1) the steady and rapid growth of Southern Oregon College which was located one-half mile from the property; (2) the construction of a junior high school across the road from defendants' property; (3) the general growth of the Ashland area and the rapid increase in population in that area.

■■ It is conceded by plaintiff that it is within the sound discretion of the trial court to admit or exclude testimony as to the purchase price of property paid by the owner. It is contended, however, that the court abused its discretion in this instance because

the evidence was not relevant to any material change in the market value of the property taken. It is argued that if a change had taken place it could have been shown by sales transactions of comparable properties in the area. We find no abuse of discretion in excluding the evidence of the purchase price paid by the owner. Even plaintiff's witnesses put a value upon the property substantially higher than the purchase price.

4. The trial court sustained defendants' objection to an exhibit offered by plaintiff to show that defendant, Walter Jones, had filed with the Jackson county assessor a request for a reappraisal of the property in question. The request for reappraisal was made on the ground that the property was valued at more than its true cash value. This document, together with evidence of the appraised value of the property at the time the request for reappraisal was made, is admissible as an admission of a party-litigant if it is inconsistent with the party's claim in the suit.[1]

The judgment is reversed and the cause is remanded for a new trial.

[1] McCormick on Evidence, pp. 502–505 (1954).