Argued June 10, reversed with instructions June 30, 1965

# STATE HIGHWAY COMMISSION *v.*
## ANDEREGG ET AL
### 403 P. 2d 717

*Robert A. Holland,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and G. E. Rohde, Assistant Attorney General, Salem.

*A. W. Gustafson,* Gresham, argued the cause for respondents. With him on the brief were McAllister, Burns, Gustafson & Lock, Gresham.

Before PERRY, Presiding Justice, and O'CONNELL, DENECKE, HOLMAN and LUSK, Justices.

HOLMAN, J.

Plaintiff, State of Oregon through its Highway Commission, condemned defendants' land for highway purposes. Plaintiff, in its complaint, alleged the value of the property to be $10,844. The jury returned a verdict of $13,650. The defendant moved to set aside the verdict and for a new trial which motion the court granted, and plaintiff appealed.

One ground for the motion is that the trial judge instructed the jury that the verdict could not be less than $10,844, the sum the State alleged as being its value, when the State's sole value witness testified the property's value was $13,000. The trial judge did not grant the new trial on this basis. With this we agree. The instruction, if in error—which is not decided here —was not prejudicial. The jury returned a verdict for a value greater than that to which the State's value witness testfied.

The sole remaining basis for the motion for a new

trial, and the one on which it was granted, was that the court erred in not allowing the property owners to admit into evidence as part of their case the assessed value of the property as shown by the records of the county assessor. The appraiser who valued the property was not called as a witness. The contended basis for its admissibility was that it was an admission against interest by the state.

■ The property owners admit the great weight of authority holds that assessed value is not competent direct evidence of value for purposes other than taxation. See cases collected in an annotation at 39 ALR2d 214. In the case of *Oldenburg v. Oregon Sugar Co.*, 39 Or 564, 569, 65 P 869 (1901), it was held the assessed value was not admissible to show the value of property in a case in which damages were sought for injuries to it.

■ Where the property owner has participated in the valuation for tax purposes or has requested reappraisal because he claims the property is valued too highly, the assessed value is admissible in proceedings other than those related to taxes to prove an admission against interest by the taxpayer. *State Highway Commission v. Jones*, 237 Or 372, 375, 391 P2d 625 (1964). See cases collected in 39 ALR2d 230.

The State Tax Commission has been given supervisory control over the actions of the county assessors, ORS 305.090. In conformance with its duty to see that all property is assessed according to law, it may give any order to the county assessor as to the valuation to be placed on any property for tax purposes, ORS 306.111. The property is to be assessed in accordance with its true cash value which is synonymous with market value. ORS 308.232 and 308.205. As the tax

commission has allowed the county assessors' valuation to stand when it was its duty to change it, if not in conformance with market value, the property owners contend the assessed value is admissible as an admission against the State. They claim the rule, as laid down in *State Highway Commission v. Jones*, supra, should, in fairness, be a two-way street.

There is a split of authority as to whether the assessed valuation of property in which one of the state's agencies has participated is admissible against the state when acting through another of its agencies. However, the great weight of authority appears to be that it is not. *United States v. Certain Parcels of Land*, 261 F2d 287 (4th Cir., 1958); *In re Northlake Avenue v. City of Seattle*, 96 Wash. 344, 165 P 113 (1917); *City of Dallas v. Malloy*, (Tex. Civ. App.) 214 SW2d 154 (1948); *Bergen County Sewer Authority v. Burrough of Little Ferry*, 15 NJ Super 43, 83 A2d 4 (1951).

Nichols on Eminent Domain, 3rd ed., Vol. 5, § 22.1, page 504, states as follows:

> "Evidence of assessed value  *  *  *  cannot be introduced by the land-owner, even when the taking is made by the city or town for the benefit of which the assessment was made, for even if the city or town should contend that the land was worth less than its assessed value, the assessment would not estop the municipality from such a contention, or even constitute an admission to the contrary, since assessors of taxes, even though appointed by the municipal administration and paid by the city or town, are public officers and not agents of the municipality in which they serve, and the municipality is not in any way bound by their acts."

In *United States v. Certain Parcels of Land,* supra, it was stated as follows:

"It is suggested that evidence of assessed value, offered by the land-owner, may be received as an admission against interest when the assessing authority is the condemnor. The asserted principle is said to be applicable here, for this proceeding, though brought in the name of the United States, is for the joint benefit of the United States, the Commonwealth of Virginia and the County of Arlington, the County, the assessing authority, being obligated to pay one-fourth of any final award. The principle is not without judicial support, when the assessing authority is the sole condemnor. [citations] Aside from the general unreliability of tax assessments as an indication of market value, which ought to make them suspect in any case, the assessing officials are representatives of the public. The power of a tax official to bind the public is limited, and what he does for purposes of taxation, should not be binding upon the public, or prejudicial to the public interest, when other public officials are engaged in the performance of a very different public function in an unrelated field. Though the tax official may purport to use market value as the criterion of assessed value, his primary concern is with relative, not absolute, values, but however he exercises his judgment for purposes of a reasonable distribution of the tax burden, his act, as an extrajudicial declaration, may not circumscribe the interest of the public in the difficult process of determining just compensation for property taken for public use. [citations]"

In *In re Northlake Avenue v. City of Seattle,* supra, the court remarked upon the matter as follows:

"* * * The city as the representative of the public performs many functions, more or less widely related, acting through separate and independent officers, and it may be questioned, we think, whether the acts and declarations of its officers

in the performance of one of such functions could, in any case, be evidence against it while in the performance of another. But clearly it cannot be so when the functions are so distinct that its acts in the one in no manner stultify or annul its acts in another. Had the city in the present instance called its assessing officers as witnesses, and had they testified in contradiction of the assessment rolls, doubtless the appellants could have questioned them concerning their former representations * * *."

■ · That the government, while acting through one agency, is not bound by the actions of another agency which performs a different function was recognized by this court in the case of *Tax Commission v. Consumers' Heating Co.*, 207 Or 93, 123, 294 P2d 887 (1956), where the court said as follows:

"The company argues that the establishment by the public utilities commissioner of a valuation for rate purposes lower than that decreed by the tax commission constitutes a situation in which the state gives with one hand and takes away with the other. It is true that the rates which the public utilities commissioner allows a utility to charge may influence the selling price of its plant, but we cannot hold that what the public utilities commissioner allows a utility to earn controls the tax commission in the determination of the dollar worth of the plant upon which the costs of government are levied. When the state 'gives' something for one purpose but refuses to 'give' the same thing for a distinct purpose, it is not a 'taking away.' * * *"

That one agency of government was not necessarily bound by the actions of another was also recognized in the case of *Belton v. Buesing,* 80 Or Adv Sh 619, 629, 402 P2d 98 (May 1965).

"We accept the view that under appropriate

circumstances the state of Oregon may be estopped to assert a claim inconsistent with a previous position taken by it. But we do not think that the circumstances in the present case justify the imposition of an estoppel upon the state. The inheritance tax and the state income tax are administered by separate agencies of government. The two systems of taxation rest upon separate theories giving rise to different problems in the administration of the respective taxes. The State Tax Commission, in order to inhibit tax evasion, may find it advisable to treat a transfer of title as presumptively creating a beneficial interest in the transferee. For the same reason, the State Treasurer may deem it necessary in the administration of the inheritance tax to regard the same transfer as presumptively leaving in the transferor an economic interest. The presumption applied by one agency does not necessarily foreclose the future application of an opposing presumption by the other. * * *"

We believe that the trial court was not in error in refusing to admit evidence of the assessed value of the property which was being condemned, and therefore that it was mistaken in entering an order setting aside the judgment and allowing a new trial for this reason. The order of the trial court setting aside the judgment and allowing a new trial is reversed and the court is instructed to reinstate the judgment upon the jury's verdict.