Francis Bernard CULVER et al., Appellants,

v.

COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.

Court of Appeals of Kentucky.

Nov. 6, 1970.

Edward T. Erwen, Jr., R. D. McAfee, Louisville, for appellants.

Don Duff, Gen. Counsel, Dept. of Highways, Frankfort, Jack M. Lowery, Jr., Robert A. Becht, Dept. of Highways, Louisville, for appellee.

VANCE, Commissioner.

This is a highway condemnation action instituted in the Jefferson County Court by the Commonwealth of Kentucky, Department of Highways, against the appellants, Francis Bernard Culver and wife Juanita Culver, to obtain right-of-way for highway construction. A circuit court jury awarded the appellants the sum of $12,000 and the appellants have appealed from a judgment entered on that verdict.

The property taken consists of two city lots in Louisville, Kentucky, which were improved with three residences. The date of the taking of the property was September 11, 1967. At the time of trial the appellee had taken possession of the property and the buildings thereon had been removed.

The appellants allege as grounds for reversal (1) that the testimony of an appraiser who testified for the appellee should have been stricken and (2) that evidence of the tax assessment of the property for the year 1967 was improperly excluded.

William Kennedy, a real estate expert, testified that the market value of the property at the time of taking was $9,250. He had inspected both the interior and exterior of the residences on August 9, 1966. He was in the general area appraising other properties for several months but did not inspect the interior of the houses at any other time.

Appellants moved to strike Kennedy's testimony on the ground that his inspection of the property was remote, he not having seen the interior of the houses for thirteen months prior to the date of taking.

The credentials of the witness Kennedy as a real estate expert were not challenged.

He did extensive appraisal and inspection work in the neighborhood in question over a period of several months. The houses were old and generally were in poor physical condition. There was evidence that the exterior portions of the houses were in the same condition in September 1967 as they had been in August 1966 and no evidence was offered of any substantial improvements to the interior of the buildings. In fact one witness testified that some of the plumbing had been removed from at least one and possibly two of the houses during the summer of 1967.

The fact that the appraiser had not inspected the interior of the houses for thirteen months prior to the date of taking had a bearing upon the weight and credibility of his testimony. The testimony, however, had probative value and was not subject to a motion to strike. Commonwealth, Department of Highways v. Hackworth, Ky., 400 S.W.2d 217 (1966) and Stewart v. Commonwealth, Department of Highways, Ky., 337 S.W.2d 880 (1960).

The appellants offered the testimony of the Chief Deputy Tax Commissioner of Jefferson County, Kentucky, that the property in question was assessed for taxation for the year 1967 at $15,110; that this assessment was not made by the property owner and that this assessment figure was arrived at simply by applying a multiplier to the assessment which was in effect when the one-hundred percent assessment of real estate was required by Russman v. Luckett, Ky., 391 S.W.2d 694 (1965). The witness had not inspected the property nor did he purport to have any knowledge of its actual value. An objection to this testimony was sustained and it was placed in the record by avowal.

The appellants contend that inasmuch as Russman v. Luckett, supra, required tax assessment of real estate at one-hundred percent of its value, the tax assessment should be competent as evidence of value. The overwhelming weight of authority is that tax assessments are not admissible in evidence in condemnation cases except as an admission against interest by the land owner. 7 Am.Jur., 2d, Eminent Domain, Section 441; 29A C.J.S. Eminent Domain § 273(4); 39 A.L.R.2d 205, Ann.

Kentucky has aligned itself with this general rule. Commonwealth, Department of Highways v. Brooks, Ky., 436 S.W.2d 499 (1969) and Commonwealth v. Gilbert, Ky., 253 S.W.2d 264 (1952).

Appellants argue that since a tax assessment made by the owner is admissible in evidence as an admission against interest by him, it should follow that a tax assessment made by the tax assessor should likewise be admissible as an admission against interest by the Commonwealth. They claim that fairness requires that the rule work both ways. The state of Louisiana apparently has adopted this position. Louisiana Highway Commission v. Giaccone, 19 La.App. 446, 140 So. 286 (1932).

This argument sounds persuasive but will not withstand close analysis. An admission against interest can be used in evidence against the person who makes the admission. Thus a tax assessment made by an owner can be used in evidence as an admission against interest by him. But here it was sought to use a tax assessment, not as an admission against the tax assessor who made it, but as an admission against the Commonwealth.

Although this question appears to be a matter of first impression in this state, it has come before the courts of other states and the prevailing view is that an assessment is not admissible in evidence against the state for purposes of evaluation in condemnation actions.

In 27 Am.Jur.2d, Eminent Domain, Section 441, it is said:

" * * * There is also some authority to the effect that the assessor's valuation is admissible in eminent domain proceedings as an admission on the part of the state or one of its subdivisions, but

**598**

the prevailing view seems to be to the contrary. * * *."

In Nichols on Eminent Domain, Third Edition, Vol. 5, Section 22.1, the rule is stated as follows:

"Evidence of assessed value * * * cannot be introduced by the land-owner, even when the taking is made by the city or town for the benefit of which the assessment was made, for even if the city or town should contend that the land was worth less than its assessed value, the assessment would not estop the municipality from such a contention, or even constitute an admission to the contrary, since assessors of taxes, even though appointed by the municipal administration and paid by the city or town, are public officers and not agents of the municipality in which they serve, and the municipality is not in any way bound by their acts."

In the case of State Highway Commission v. Anderegg, 241 Or. 31, 403 P.2d 717 (1965) the court held that one agency of government is not bound by the actions of another agency which performs a different function and stated as follows:

"There is a split of authority as to whether the assessed valuation of property in which one of the state's agencies had participated is admissible against the state when acting through another of its agencies. However, the great weight of authority appears to be that it is not." (Citing cases)

And in United States v. Certain Parcels of Land, etc., 261 F.2d 287 (Fourth Circuit 1958) the court said:

" * * * The power of a tax official to bind the public is limited, and what he does for purposes of taxation, should not be binding upon the public, or prejudicial to the public interest, when other public officials are engaged in the performance of a very different public function in an unrelated field. * * *."

 We feel that the majority position is sound. Although the goal is that each tax assessment should reflect the actual value of the property assessed, this is only a goal and may not be a reality. We hold that a tax assessment placed upon property by a tax assessor or a tax evaluation officer does not constitute an admission against interest by the Commonwealth and that the assessment is not admissible as evidence of value in an eminent domain proceeding.

The judgment is affirmed.

All concur except NEIKIRK, J., not sitting.