Argued November 2, 1972, affirmed January 25, 1973

MALEY ET UX, *Respondents, v.* PALANUK,
*Appellant.*

505 P2d 336

*Norman K. Winslow,* Salem, argued the cause and filed a brief for appellant.

*Wayne R. Harris,* McMinnville, argued the cause and filed a brief for respondents.

## BRYSON, J.

This is an action for fraud. Plaintiffs alleged that during their negotiations for the purchase of defendant's house and lot in Polk County, Oregon, defendant represented that a septic tank could be installed on the lot, knowing that this would not be permitted by the county sanitation officials because of the lot's small size. A jury returned a verdict for plaintiffs for $830 as general damages and $3,200 as punitive damages. Defendant appeals.

Defendant owned a house and lot in Polk County and advertised it for sale. Defendant had been advised during 1970 that the Polk County Sanitarian would not permit a septic tank to be installed on the property

due to the small size of the lot. Plaintiffs responded to one of defendant's advertisements and asked whether a septic tank could be installed on the lot. Plaintiff James E. Maley testified the defendant told him they could put a septic tank on the rear of the lot. Defendant testified that he told plaintiffs that they would not be allowed to put a septic tank on the property. It is evident there was a conflict in the testimony.

The parties executed a document evidencing the sale on January 9, 1971. Plaintiffs' efforts to obtain a septic tank permit were unsuccessful, and this litigation followed.

Defendant assigns as error the denial of defendant's motion to withdraw from the jury the issue of punitive damages. Defendant argues that there was evidence only of "simple" fraud and not "aggravated" or "malicious" fraud such as would justify an award of punitive damages, citing *Cays v. McDaniel,* 204 Or 449, 283 P2d 658 (1955).

In *Lewis v. Worldwide Imports, Inc.,* 238 Or 580, 395 P2d 922 (1964), this court disapproved *Cays v. McDaniel* for its refusal to recognize that intentionally deceptive conduct which achieves its purpose, whether pleaded as "malicious" or not, is conduct sufficiently aggravated to support an allowance of punitive damages.

> "* * * [T]he legal justification for punitive damages is determent and * * * such damages will only be allowed when the violation of societal interests is sufficiently great and the conduct involved is of a kind that sanctions would tend to prevent. * * *" *McGill v. Huling Buick Company,* 259 Or 413, 419, 487 P2d 656 (1971).

However, proving that a fraud was committed with

malice is not an impossible task. In *McElwain v. Georgia-Pacific,* 245 Or 247, 249, 421 P2d 957 (1966), we said:

> "Although this court has on occasion indulged in the dictum that punitive damages are not 'favored in the law,' it has, nevertheless, uniformly sanctioned the recovery of punitive damages whenever there was evidence of a wrongful act done intentionally, with knowledge that it would cause harm to a particular person or persons. * * * Malice is the term most frequently used in our decisions to define a state of mind that will justify the imposition of punitive damages. Malice, as a basis for punitive damages, signifies nothing more than a wrongful act done intentionally, without just cause or excuse. * * * The intentional disregard of the interest of another is the equivalent of legal malice, and justifies punitive damages for trespass. * * * Where there is proof of an intentional, unjustifiable infliction of harm with deliberate disregard of the social consequences, the question of award of punitive damages is for the jury. * * *" (Citations omitted.)

■ The record contains evidence which, if the jury chose to believe, showed that defendant deliberately misled plaintiffs concerning their prospects for installing a septic tank on the lot, and, when pressed for information, actively concealed the fact that the Polk County Sanitarian had already refused to grant a septic tank permit for the lot. We feel this testimony created a sufficient inference of malicious fraud to allow the jury to consider the issue of punitive damages.

■ Defendant assigns as error the trial court's refusal to submit to the jury defendant's requested instruction on punitive damages. We have examined the instructions given by the court on punitive damages

and feel that the jury was adequately and properly instructed on the subject. There was no error in refusing the requested instruction.

Defendant next contends that the trial court erred in receiving into evidence a document entitled "Lease and Option Agreement." This document, dated January 9, 1971, purports to be a lease of defendant's property granting plaintiffs the "exclusive and irrevocable" right to purchase the property "upon the terms and conditions as set forth in the form of purchase agreement hereto attached." As defendant concedes, no purchase agreement was attached to the lease-option agreement.

Defendant argues that this instrument demonstrates that the parties intended a lease, not a sale, and since there is no written evidence of a contract of sale, the statute of frauds, ORS 41.580(5), has not been satisfied. This argument is without foundation.

■ Both plaintiffs and defendant testified that the transaction was a sale. The "Lease and Option Agreement," furnished by defendant, is a printed form which is incomplete on its face. All parties signed the agreement.

The court did not err in admitting the document in evidence and in allowing extrinsic evidence, as to the intent of the parties, for the jury's consideration. *See, Finchum v. Lyons,* 247 Or 255, 264, 428 P2d 890 (1967).

At the time of argument, counsel for defendant conceded that defendant's fourth assignment of error concerning the propriety of the court's denial of defendant's motion for involuntary nonsuit was without merit.

■ Defendant's fifth assignment of error is not well

taken. Defendant complains that the testimony of an appraiser who formed an opinion as to the fair market value of the parcel in question while he was working for the County Assessor's office in 1965 is evidence of assessed value and inadmissible under *Highway Commission v. Anderegg,* 241 Or 31, 403 P2d 717 (1965). The record demonstrates that this testimony represented the opinion of the witness as an expert real estate appraiser and did not purport to represent the assessed value of the land. Such testimony has always been considered admissible. *See, e.g., Pennebaker v. Kimble,* 126 Or 317, 269 P 981 (1928). Under the facts of this case we cannot say that the trial court clearly abused its discretion in admitting evidence of market value based on an expert's opinion formed in 1965.

We have examined defendant's final assignment of error, that the trial court erred in overruling defendant's demurrer to the complaint, and find it is without merit in light of this opinion.

Affirmed.