Argued and submitted May 30, reversed on appeal and remanded with instructions, affirmed on cross-appeal July 23, 1986

HALL et ux,
*Appellants - Cross-Respondents,*

*v.*

FITZHUGH et al,
*Respondents - Cross-Appellants.*

(C83-12-206; CA A36566)

722 P2d 54

Christopher Keusink, Gold Beach, argued the cause for appellants - cross-respondents. On the briefs was M. John Spicer, Gold Beach.

Andrew K. Chenoweth, Portland, argued the cause for respondents - cross-appellants. On the briefs were Fred L. Kopatich, and Allen, Kilmer, Schrader, Yazbeck & Chenoweth, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Plaintiffs brought this action for fraud and for violation of the Unlawful Trade Practices Act in connection with the purchase of real property. The jury returned a verdict for plaintiffs on both claims, awarding general damages of $3,100 and punitive damages of $10,000. The trial court granted defendants' motion for judgment n.o.v. on the punitive damages and entered judgment accordingly. Plaintiffs appeal, seeking reversal of the judgment and reinstatement of the jury's verdict. Defendants cross-appeal, claiming that the Statute of Limitations had run on both claims or, in the alternative, that the fraud claim was unsupported by the evidence. We reverse on the appeal and affirm on the cross-appeal.

The pertinent facts, viewed in the light most favorable to plaintiffs, are that plaintiffs decided to purchase a log home and real property in the Shady Cove Subdivision near Brookings, which was owned by defendants. During negotiations, plaintiffs inquired as to who was responsible for maintaining the gravel road leading to the property. Both defendants' agent and defendant Fitzhugh told them that the road was deeded to and maintained by the county. Before plaintiffs signed the earnest money agreement for the property, they received a "Notice of Intention" form completed by defendants. Question 32 on the form asked:

"E. Have the streets been accepted for maintenance by local government?  X  YES ___ NO; Specify local government:  Curry County  ."

Defendants and their agent knew that the road was dedicated to the public, not deeded to the county, and that the county was not obligated to maintain it. Plaintiffs purchased the lot and moved in during September, 1981, after the log home was constructed. Although the county was under no obligation to maintain the road, it had been doing so before September, 1981, and continued to do so until March, 1983, when all county maintenance stopped. Plaintiffs then inquired of the county and learned that maintenance of the road was the responsibility of the owner.

Because plaintiffs' appeal becomes moot if defendants prevail on their cross-appeal, we address the cross-

appeal first. Defendants raise four assignments of error. In assignments one and three, they contend that the trial court improperly denied their motions for judgment n.o.v. on the fraud claim and unfair trade practices claim, because the Statute of Limitations had run on both. There was conflicting evidence as to when plaintiffs knew or should have known that the representations were false. The jury found that date to be March 8, 1983, which is within the statutory time on both claims. Because there was evidence to support that finding, we will not disturb it on appeal.[1]

Defendants also challenge the sufficiency of the evidence of two elements of fraud. Their brief primarily reargues the evidence, which is of no use on appeal in a law action. The short answer to defendants' argument that there was insufficient evidence on the element of material misrepresentation is that the evidence was sufficient. Defendants also argue that the evidence does not support a finding that plaintiffs were entitled to rely on defendants' misrepresentations, because county records revealed that road maintenance was the obligation of the landowners. The jury was instructed that, to return a verdict for plaintiffs on the fraud claim, it must find that plaintiffs reasonably relied on defendants' misrepresentations. The jury found for plaintiffs on the fraud claim; therefore, it necessarily found reasonable reliance.

Although it is the general rule that "a purchaser must use reasonable care for his own protection, and should not rely blindly upon statements made by a seller," *Baker v. Casey,* 166 Or 433, 437, 112 P2d 1031 (1941), the rule only applies when "no device or artifice is used to prevent an investigation." 166 Or at 437. Here, plaintiffs testified that defendants told them repeatedly that the road was county owned and county maintained. In fact, the county did maintain it until March, 1983. There was, therefore, no reason for plaintiffs to question the representations. Moreover, before signing the earnest money agreement, plaintiffs received a document from defendants indicating that the county was obligated to maintain the road. That was a "device or artifice" used to prevent investigation.

---

[1] Defendants' second assignment of error seeks reversal of the unfair trade practices attorney fees award if we reverse on that claim. Because we affirm the judgment on the unfair trade practices claim, we do not address the award of attorney fees.

We conclude that the evidence is sufficient to support the jury finding of reasonable reliance.

■ We now turn to the appeal, in which plaintiffs challenge entry of a judgment n.o.v. on punitive damages. Punitive damages may be allowed when there is particularly aggravated misconduct demonstrating a disregard of societal obligations of the kind sanctions would tend to prevent. *Noe v. Kaiser Foundation Hosp.,* 248 Or 420, 425, 435 P2d 306 (1967). Whether defendants' conduct is of the type to permit imposition of punitive damages is for the jury to decide, if there is evidence to support it. "Where there is proof of an intentional, unjustifiable infliction of harm with deliberate disregard of the social consequences, the question of award of punitive damages is for the jury." *McElwain v. Georgia-Pacific,* 245 Or 247, 249, 421 P2d 957 (1966). In *Schmidt v. Pine Tree Land Dev.,* 291 Or 462, 465, 631 P2d 1373 (1981), the Supreme Court stated that "[t]he function of punitive damages to penalize harmful acts done with a bad motive may ordinarily justify liability for such damages in cases of intentional fraud." The jury implicitly found that (1) defendants represented to plaintiffs that the road was deeded to and maintained by the county and (2) defendants made those representations knowing that they were false. The jury could properly find from that evidence that such conduct in promoting the sale of real estate to plaintiffs was so contrary to societal interests that punitive damages should be awarded. *See Mulvihill v. Pacific Land Mgt.,* 276 Or 253, 554 P2d 488 (1976).[2]

Reversed on appeal and remanded with instructions to enter judgment in accordance with the verdict; affirmed on cross-appeal.

---

[2] Defendants cite *Cays v. McDaniel et al,* 204 Or 449, 283 P2d 658 (1955), to support their argument on punitive damages. As we pointed out in *2-D's Logging v. Weyerhaeuser,* 53 Or App 677, 632 P2d 1319, *rev den* 292 Or 109 (1981), *Cays* was overruled by *Lewis v. Worldwide Imports, Inc.,* 238 Or 580, 395 P2d 922 (1964).