RENDERED: DECEMBER 16, 2021
TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0339-DG

BORDERS SELF-STORAGE & 
RENTALS, LLC

APPELLANT

|                      | ON REVIEW FROM COURT OF APPEALS        |
|----------------------|----------------------------------------|
| V.                   | NO. 2019-CA-0217                       |
|                      | LAWRENCE CIRCUIT COURT NO. 17-CI-00161 |

COMMONWEALTH OF KENTUCKY, 
TRANSPORTATION CABINET, 
DEPARTMENT OF HIGHWAYS

APPELLEE

**OPINION OF THE COURT BY JUSTICE NICKELL**

**<u>REVERSING</u>**

This is a highway condemnation action instituted in Lawrence Circuit Court by the Commonwealth of Kentucky, Transportation Cabinet, Department of Highways, against Borders Self-Storage & Rentals, LLC (Borders), to obtain a right-of-way for highway construction. A jury awarded Borders the sum of $140,000 and judgment was entered consistent with the jury's verdict. The Court of Appeals affirmed on direct appeal. We granted discretionary review and reverse.

The Court of Appeals succinctly set forth the historical factual and procedural background as follows:

The Kentucky Transportation Cabinet, Department of Highways, (Transportation Cabinet) filed a petition to condemn certain real

property owned by Borders for a highway project. Kentucky Revised Statutes (KRS) 416.570. The circuit court appointed three commissioners to determine the fair market value of the real property. KRS 416.580. The Commissioners determined the fair market value of Borders' real property to be $168,623 at the time of taking and $25,000 thereafter, for a difference of $143,623. Borders filed exceptions to the Commissioners' report and demanded a trial by jury. KRS 416.620.

A jury trial was conducted. Borders sought to introduce as evidence the assessed tax value ($230,000) of the real property as reflected by records held by the Lawrence County Property Valuation Administrator (PVA). The circuit court ruled that the PVA's tax assessment could not be introduced into evidence by Borders.

Ultimately, the jury found the fair market value immediately before the taking to be $157,000, and the fair market value immediately after the taking to be $17,000, for a difference of $140,000. In a Trial Order and Judgment entered December 6, 2018, the circuit court awarded Borders $140,000 as compensation for the condemnation of its real property by the Transportation Cabinet. This appeal follows.

The sole issue on appeal centers upon whether the circuit court properly excluded evidence of the PVA's assessed tax value of the condemned real property that Borders sought to introduce.

*Borders Self-Storage & Rentals, LLC v. Kentucky Transportation Cabinet, Department of Highways*, 2019-CA-000217-MR, 2020 WL 4498810, at *1 (Ky. App. July 2, 2020), *review granted* (Mar. 17, 2021) ("*Borders I*").

Citing *Culver v. Commonwealth, Department of Highways*, 459 S.W.2d 595 (Ky. 1970), and *Commonwealth, Department of Highways v. Brooks*, 436 S.W.2d 499 (Ky. 1969), the Court of Appeals concluded evidence of the assessed tax value of real property is admissible only if the value was fixed by the landowner and offered into evidence by the Commonwealth as a statement against interest of the landowner. It was uncontested Borders submitted a

2

certified appraisal to the PVA establishing the value of the property at $230,000 several months prior to the institution of the condemnation proceedings. On the strength of *Culver* and *Brooks*, and acknowledging the binding nature of Supreme Court precedent, the Court of Appeals concluded tax assessments may not be introduced into evidence by a landowner and therefore affirmed the trial court's ruling. However, the Court of Appeals expressed its disagreement with the rule, stating "[t]he exclusion of the assessed tax value of real property when offered into evidence by the landowner, as opposed to the Commonwealth, strikes us as fundamentally unfair and legally unsound." *Borders I* at *2. Believing the assessed value is relevant to the fair market value of the property to be taken and therefore should be put before the jury, the Court of Appeals urged this Court to reconsider our prior precedents holding to the contrary.

As noted by the trial court and the Court of Appeals, it has long been the rule in this Commonwealth that PVA values are admissible in condemnation proceedings only as evidence for the Commonwealth and against the landowner. Heretofore, the reasoning behind this rule was that a landowner's statement was admissible when he attempted to obtain a higher value for his lands in the condemnation suit than the value placed thereon by him for purposes of taxation. In such cases, the landowner's statement of the lower value was considered to be against his interest and therefore admissible. The cases applying this rule date back over sixty years and all predate our current

3

rules of evidence by nearly three decades. Today, we are presented our first opportunity to address the matter under those evidentiary rules.

In *Brooks*, our predecessor Court concluded a landowner could not introduce his own prior self-serving declaration of the value of his land because doing so would constitute an impermissible introduction of objectionable hearsay evidence. When presented by the Commonwealth, the taxable value fixed by the landowner was considered competent evidence against him as to the before value of his lands because it constituted a statement against his interest when he sought higher compensation in a condemnation proceeding. On the contrary, when the landowner seeks to present the taxable value he set, his out of court statement loses its character as a statement against interest, and same becomes inadmissible as hearsay. On these grounds, the *Brooks* Court rejected a landowner's attempt to introduce what the Court believed was nothing more than a self-serving declaration.

*Culver* reiterated the holdings laid down in *Brooks,* characterizing them as the "general rule" in Kentucky, and rejected an argument seeking admissibility of a tax assessment as an admission against the Commonwealth's interest. That Court ultimately concluded tax assessments were not admissible as evidence of value in condemnation proceedings if sought to be introduced by a landowner.

A key tenet in condemnation actions is fairness, both to the landowner whose property will be taken by the Commonwealth and to the taxpayers who will ultimately be responsible for payment to the landowner for the condemned

4

lands.  As the Court of Appeals noted, excluding potentially relevant evidence central to one of the jury's core decisions—pre-taking value—seems fundamentally unfair and is contrary to our evidentiary rules.  KRE[1] 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Relevant evidence is admissible unless excluded by the Constitution, statutes, evidentiary rules, or other rules promulgated by this Court.  KRE 402.  A landowner's statement of value to the PVA would generally constitute hearsay as it is an out of court statement offered to prove the truth of the matter asserted, KRE 801(c), and would therefore be excluded under KRE 802 unless one of the exceptions to the hearsay rule applies.  We hold the public records exception applies in these circumstances and permits introduction of the tax assessed value by a landowner as well as the Commonwealth.

PVAs are unquestionably elected state officials.  KRS 132.370.  The property tax records held by the PVA qualify as public records not excluded by the hearsay rule under KRE 803(8) which states:

> Public records and reports.  Unless the sources of information or other circumstances indicate lack of trustworthiness, records, reports, statements, or other data compilations in any form of a public office or agency setting forth its regularly conducted and regularly recorded activities, or matters observed pursuant to duty imposed by law and as to which there was a duty to report, or factual findings resulting from an investigation made pursuant to authority granted by law.  The following are not within this exception to the hearsay rule:

[1] Kentucky Rules of Evidence.

5

(A) Investigative reports by police and other law enforcement personnel;

(B) Investigative reports prepared by or for a government, a public office, or an agency when offered by it in a case in which it is a party; and

(C) Factual findings offered by the government in criminal cases.

One core duty and regular activity of a PVA is to calculate the taxable value of each piece of property located in his or her county. While there are several valid valuation methods which may be utilized to estimate taxable value, all are intended to closely estimate the fair cash value of the property. The values established by a PVA are presumed to be valid unless a taxpayer proves otherwise. *See Revenue Cabinet, Commonwealth of Kentucky v. Gillig,* 957 S.W.2d 206, 210 (Ky. 1997). PVAs maintain records, reports, maps, photographs, and other documents memorializing various details of each parcel including the current and historical values estimated for each property. These documents are central to the daily business of a PVA office. The values calculated or established by a PVA clearly constitute public records and are relevant to establishing the fair market value of property to be condemned. They should not be excluded from admission, regardless of which side seeks introduction.

In our view, and in light of the foregoing rules of evidence, the ancient rule against allowing property owners to introduce tax assessed values is no longer necessary, valid, or fair. Although the Transportation Cabinet urges us to keep the rule in place because it has been the law in the Commonwealth for

6

over sixty years, we are reminded of the words of Oliver Wendell Holmes, Jr., who stated:

> It is revolting to have no better reason for a rule of law than that so it was laid down in the time of Henry IV. It is still more revolting if the grounds upon which it was laid down have vanished long since, and the rule simply persists from blind imitation of the past.

The Path of the Law, 10 Harvard Law Review 457, 469 (1897).

Modernization and enhanced professionalism in PVA offices across the Commonwealth since the 1930's calls for an increased confidence in the land values assessed by those offices. KRS 132.190(3) requires all property in the Commonwealth to be assessed at its fair cash value. Further, in 2012, the General Assembly enacted KRS 132.191 which "recognizes that Section 172 of the Constitution of Kentucky requires all property, not exempted from taxation by the Constitution, to be assessed at one hundred percent (100%) of the fair cash value" and affirms the duty of the PVA "to value property in accordance with the Constitution." Thus, if the PVA's valuation is the proper standard by which a landowner should pay money to the Commonwealth, that same valuation certainly should not be ignored when the landowner calls upon the Commonwealth to pay money for its lands. The rule of law should, in the interest of justice and fairness, cut both ways since "what is sauce for the goose is sauce for the gander."

Nothing in this Opinion should be construed to say the PVA's valuation constitutes a final and unassailable determination of value. Rather, it is one factor to be considered by the jury in evaluating and determining the appropriate value of the land to be condemned. Testimony regarding the PVA's

7

value would be subject to challenge and parties are free to argue the weight to be given to such valuations.

If the Transportation Cabinet believes a landowner voluntarily increased the assessment of his lands in an effort to extract a higher price during a condemnation proceeding, it may wish to question the taxpayer's motivation for seeking the increase. The Transportation Cabinet is free to inquire about when a revised value was assigned, the source or method of calculation of the increased value, whether the change was the result of an arms-length transaction or substantial improvements being made, and the history of the property's value. Such questions would directly bear on the weight and credibility the jury should assign to the PVA's assessment. Of course, the landowner is free to explore avenues of questioning supporting his statement of valuation to the PVA.

We hold PVA assessments constitute relevant and probative evidence and should not be stricken. Borders is entitled to a new trial at which it may introduce the PVA's assessed tax value for the condemned lands provided it lays a proper foundation for same.

For the foregoing reasons, the decision of the Court of Appeals is reversed, and this matter is remanded to the Lawrence Circuit Court for further proceedings consistent with this Opinion.

All sitting. All concur.

8

COUNSEL FOR APPELLANT:

Nelson Theodore Sparks

COUNSEL FOR APPELLEE:

Stacy Diane Conley